Hadley *et al. v.* Milligan.

No. 11,814.

## HADLEY ET AL. *v.* MILLIGAN.

PRACTICE.—*Marion Superior Court.*—Where, in the Marion Superior court in general term, errors are jointly assigned, the Supreme Court, on appeal, will not consider alleged errors against the parties severally.

PARTNERSHIP.—*Chattel Mortgage.*—*Assignment for Benefit of Creditors.*—Where a surviving partner executed a mortgage of the partnership assets to secure a firm liability, a complaint to foreclose the mortgage is sufficient, as against an assignee appointed subsequent to the execution of the mortgage, without showing any compliance with the statute by such surviving partner.

From the Marion Superior Court.

*J. E. Florea* and *A. W. Wishard,* for appellants.

*H. J. Milligan,* for appellee.

FRANKLIN, C.—Appellee sued appellants on two promissory notes and to foreclose a mortgage given on personal property to secure their payment. The notes bear dates of April 11th and April 24th, 1883, and the mortgage is dated May 25th, 1883.

The notes were executed by S. R. Hadley & Son, and were made payable to R. L. Scarlett, who assigned them by endorsement to appellee. The firm of S. R. Hadley & Son was a partnership, the members of which were Samuel R. Hadley and his son Cornelius N. Hadley. Samuel R. Hadley, the senior member of the firm, departed this life on the — day of May, 1883, and on the 25th day of May, 1883, Cornelius N. Hadley, as surviving partner of said firm, executed the mortgage in suit to appellee. On the 31st day of May, 1883, he also as surviving partner of said firm executed to appellant George W. Wishard, as assignee, an assignment of all the partnership property, including the property mortgaged, for the benefit of the partnership creditors, the partnership being insolvent; and appellee commenced this suit on the 8th day of June, 1883.

The defendants each filed a separate demurrer to the complaint, both of which were overruled.

The defendant George W. Wishard, as such assignee and

trustee, filed an answer, substantially averring the death of said Samuel R. Hadley, and his selection as trustee by virtue of said assignment, and alleging that said Cornelius N. Hadley had not complied with any of the statutory provisions authorizing him as surviving partner to settle said partnership affairs; that the senior deceased partner was the owner of all the property, and the junior survivor had only invested therein his services; that the firm was insolvent, and there were numerous other unpaid debts; that the mortgage was void, and that the plaintiff had no lien on, or interest in, the mortgaged property as against this defendant.

To this answer a demurrer was sustained. The defendants elected not to plead further, and judgment was rendered upon the demurrers in favor of the plaintiff.

The errors assigned in the general term of the superior court were:

1st. The complaint does not state facts sufficient.

2d. Overruling Wishard's demurrer to complaint.

3d. Sustaining the demurrer to Wishard's answer.

No errors were separately assigned on behalf of Cornelius N. Hadley or Wishard; it was a joint assignment. The superior court in general term affirmed the judgment of the special term.

In this court appellants have separately assigned the following errors:

*First.* By Hadley. That the court in general term erred in affirming the judgment of the special term.

*Fifth.* By Hadley. That the court below had no jurisdiction of the subject-matter.

*Second.* By Wishard. That the court in general term erred in affirming the judgment in special term.

*Third.* By Wishard. That the court below had no jurisdiction of this defendant.

*Fourth.* By Wishard. That the court below had no jurisdiction of the subject-matter of the action.

Of the specifications of error filed here, this court can only

Hadley *et al. v.* Milligan.

consider the one filed by each appellant, that the court below in general term erred in affirming the judgment of the special term. And in considering that, the assignment of errors in the general term being joint, we can not consider the alleged errors against Wishard alone of overruling his demurrer to the complaint and sustaining the demurrer to his answer. There is only one joint error specified therein, and that is, that the complaint does not state facts sufficient to constitute a cause of action, and that presents the only question in the record for our consideration.

The complaint is in the usual form upon the notes, and for the foreclosure of the mortgage, alleging the death of one of the partners, and the execution of the mortgage by the surviving partner. We think the complaint is sufficient. And without the ruling upon the demurrer to the answer being properly before us, we think it unnecessary to voluntarily discuss and decide the main question discussed by appellants in their brief in relation to the rights, powers and duties of a surviving partner in the settlement of the partnership affairs, without complying with the provisions of the statute regulating the same. And without deciding anything in relation thereto, we may be excused for saying that we do not see wherein appellant Wishard occupies any better position therein than does appellee Milligan. If Cornelius N. Hadley, without complying with the provisions of the statute in relation to surviving partners, had no right or power to execute the mortgage to appellee, we do not see by virtue of what right or power he could execute the deed of assignment to appellant Wishard as trustee. What is fatal to the one would be fatal to the other in this respect.

We see no available error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Jan. 9, 1885.