Filed May 16, 1890.

No. 15,483.

## STEFANI *v.* THE STATE.

CRIMINAL LAW.—*Perjury.*—*Sufficiency of Affidavit.*—An affidavit, and an information based thereon, charging the defendant with perjury, alleged that on a certain day, before the mayor of the city of Indianapolis, sitting as a court, an affidavit was filed by James R. Shea, charging the defendant with knowingly permitting a certain room to be used and occupied for gaming; that the defendant was arraigned upon said affidavit and tried before said mayor; that upon said trial the defendant offered himself as a witness in his own behalf, and was duly sworn by said mayor, he having authority to administer said oath; that, upon the trial of said issue, it became material whether certain persons named were in a certain room known as 306 East Washington St., in said city, on Sunday, and whether on said day, in said room, they were playing cards for money; that the defendant then and there swore, on the trial of said issue, unlawfully, feloniously, wilfully, corruptly and falsely, that the said persons were not in said room on said day, and did not play cards for money in said room on said day. Then follows a proper negation of the truthfulness of the defendant's testimony, together with the averment that the defendant knew when he gave the testimony that it was false.

*Held,* that the affidavit was sufficient.

SAME.— *Variance.*—The affidavit in the prosecution for perjury charged that the affidavit before the mayor was made by James R. Shea. The record entry made by the mayor stated that the affidavit was made by R. Shea, but the affidavit as it appears in such record discloses the name of "James R. Shea" subscribed thereto.

*Held,* that there was no variance.

SAME.—*Affidavit.*—It having been alleged in the affidavit that the prosecution was instituted and tried before the mayor of Indianapolis sitting as a court, the court in which the perjury is alleged to have been committed is sufficiently described.

Stefani *v.* The State.

SAME.—*Filling of Blank in Affidavit.*—The filling of the blank in the affidavit with the street number of the building after the trial was commenced, the affidavit not being filed thereafter nor resworn to, was not available error, as the number of the building was immaterial to the sufficiency of the affidavit.

SAME.—*Affidavit and Information.*—*Filing in Open Court.*—*Statute.*—The affidavit and information are not required by statute to be filed in open court as are indictments. It is sufficient to file the information with the clerk.

SAME.—*Word "Session" in Section 1679, R. S. 1881.*—*Meaning of.*—The word "session," as employed in section 1679, R. S. 1881, is equivalent to the word "term," when applied to the sitting of a court, and does not mean that the court must be actually open for the transaction of business.

From the Marion Criminal Court.

*W. B. Walls* and *G. L. Walls*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

BERKSHIRE, J.—An affidavit and information were filed against the appellant charging him with the crime of perjury. He moved the court to quash the affidavit and information, which motion was overruled by the court, and he excepted ; thereupon he pleaded not guilty to the charge, and the issue joined was submitted to a jury for trial, who afterwards returned a verdict that the appellant was guilty as charged, and that he be imprisoned in the State's prison for the period of four years and pay a fine of $50. He filed a motion for a new trial, which was overruled by the court, and he excepted, and finally he moved in arrest of judgment, and said motion being overruled he reserved an exception, and thereupon the court gave judgment according to the verdict of the jury.

We have carefully examined the affidavit and information, and find no infirmity in either ; the information follows the affidavit in its statement of facts.

The substance of the affidavit is, that, on the 19th day of February, 1890, at the county of Marion and State of Indiana, before Thomas L. Sullivan, mayor of the city of In-

dianapolis, sitting as a court, an affidavit was filed and presented by James R. Shea against the appellant, charging him with knowingly permitting a certain room to be used and occupied for gaming, and that such proceedings were had that the appellant was brought before said court and duly arraigned upon said affidavit, and pleaded not guilty thereto ; and thereafter, and on the same day, before said mayor, sitting as aforesaid, he having full and competent authority in that behalf, a trial was had and held for the purpose of determining the guilt or innocence of the appellant ; that upon said trial the appellant offered himself as a witness in his own behalf, and was then and there duly sworn by said mayor, he then and there having competent authority to administer said oath ; that upon the trial of said issue and point in question, it became material whether certain persons named were in a certain room known as 306 East Washington street in said city of Indianapolis, on Sunday, the 16th day of February, 1890, and whether the said persons were playing cards for money in said room on said day, the said room being then and there occupied by the appellant as a saloon ; and that the appellant then and there, on the trial of said issue, unlawfully, feloniously, wilfully, corruptly and falsely, before the said mayor, in said matter, did depose and swear in substance and in fact, and to the effect that the said persons were not in said room on said 16th day of February, 1890, and did not play cards for money in said room on said day. Then follows a proper negation of the truthfulness of the appellant's said testimony, together with the averment that the appellant knew when he gave the testimony that the same was false.

Three objections are taken to the affidavit :

1. The testimony upon which perjury is assigned was not material to the point in question.

2. The materiality of the false testimony is not sufficiently charged.

**3.** The court in which the perjury is alleged to have been committed is not sufficiently described.

None of these objections are tenable.

The prosecution in the mayor's court wherein the false testimony is alleged to have been given rested upon section 2079, R. S. 1881, and reads thus : " Whoever keeps a building, room, arbor, garden, booth, shed, tenement or canal-boat, wharf-boat, or other water-craft, to be used or occupied for gaming; or who knowingly permits the same to be used or occupied for gaming, * * * shall be fined not more than five hundred dollars nor less than ten dollars."

We can not imagine more pertinent and material testimony for the State in prosecutions under the section quoted than that which relates to specific acts of gaming in the building or room named in the indictment or information, and evidence given by the accused to meet and overthrow testimony of that character introduced by the State is equally pertinent and material.

The averments in the affidavit are clearly within the provisions of section 1747 ; and that the testimony of the appellant upon which perjury is assigned was material and false abundantly appears. The court in which the false testimony is charged to have been given is clearly and definitely stated. The affidavit discloses the facts that Thomas L. Sullivan was the mayor of the city of Indianapolis, and that while sitting as a court the prosecution on the trial of which the perjury charged is alleged to have been committed, was instituted and tried, and it is wholly immaterial by what name the court thus held is known; the facts stated show what court it was that Mayor Sullivan was holding. We do not think the court erred in overruling the motion for a new trial.

The street number by which the building was known was wholly immaterial to the sufficiency of the affidavit, which was the foundation of the prosecution before the mayor, and, therefore, the filling of the blank after the trial had commenced was of no importance one way or the other; the af-

fidavit was not thereafter refiled, nor was it resworn to; hence, no more additional proof was required than if the number of the building had not been inserted.

It is contended that the record of the proceedings in which the perjury is alleged to have been committed was not introduced in evidence; in this appellant's counsel are mistaken. The bill of exceptions has this statement: " This cause being called for trial, the jury being elected, tried, and sworn to try the same, the State of Indiana to maintain, and prove the material allegations of the affidavit, introduced the following evidence, to wit: " and then follows what purports to be the evidence, including the said record. At the close of the bill of exceptions is the following: " And this was all the evidence given in the cause."

But the further point is made, that were the record in evidence it would appear therefrom that the offence alleged in the affidavit in this case is not the offence for which the appellant was prosecuted before the mayor, and not only that, but that he was prosecuted before the mayor for no offence known to the law.

Taking the record as a whole, there is no variance between it and the affidavit, in this prosecution, as to the offence for which the appellant was prosecuted before the mayor. The affidavit which was the basis of that prosecution appears in the record, and discloses the character of the prosecution.

It is further contended that the affidavit in the present prosecution charges the affidavit before the mayor to have been made by one " James R. Shea," but that the record of that proceeding, which was identified by the mayor, when testifying as a witness in this trial, discloses that the said affidavit was made by one " R. Shea."

The record entry made by the mayor does omit the given name, " James," but the affidavit, as it appears in the said record, discloses the name of " James R. Shea," subscribed thereto.

The point is made that the appellant is not identified as

the person who gave the alleged false testimony before the mayor. No witness pointed to the appellant and said, " He is the man I heard testify before the mayor," but it very satisfactorily appears from the evidence in the record that he is the same person.

We finally come to the motion in arrest of judgment. It is claimed that the court had no jurisdiction, for the reason that there is no record of the filing of the affidavit and information in open court, and nothing to show that the criminal court was in session when the affidavit and information were filed.

This is wholly unnecessary, for the very good reason that the statute does not require the affidavit and information to be filed in open court. There is such a provision with reference to indictments, and the reasons therefor are manifest when sections 1669, 1670, 1671, 1672, are considered ; but no such reasons exist with reference to prosecutions by information, and section 1672 recognizes the fact that it is only necessary to file the information with the clerk.

The word " session," as employed in section 1679 of the statute, does not mean that the court must be actually open for the transaction of business ; the statute does not say " open session."

The word is used as meaning the same thing as the word " term," when applied to the sitting of a court.

Worcester gives the following definition :   " The time or term during which a court, a legislative body, or other assembly, sit, with no other interval than short intermissions, or daily adjournments ; the time between the first meeting of an assembly and its prorogation, or final adjournment ; as, ' a session of Congress.' " Webster gives substantially the same definition.

Our conclusion is not in conflict with *Hoover* v. *State*, 110 Ind. 349. In that case the record disclosed the fact that the affidavit and information were filed in vacation ; in the case before us the contrary appears. It appears not only that the

affidavit was 'filed in term time, but the jurat of the clerk shows that the affidavit was verified in open court.

We do not think the court erred in overruling the motion in arrest of judgment.

Judgment affirmed, with costs.

Filed April 29, 1890 ; petition for a rehearing overruled May 16, 1890.