The State *v.* Matthews.

No. 15,980.

THE STATE *v.* MATTHEWS.

CRIMINAL LAW.—*Filing Information.*—*Order-Book Entry.*—It is not necessary for the clerk to make an order-book entry of the filing of an information. The mere statement of the clerk that an information was filed, as shown by his file-mark on the back of an information, is sufficient *prima facie* to give jurisdiction.

SAME.—*Dismissal of Appeal.*—*Insufficient Showing for.*—Where it is not made to appear that an entry of such filing was made by the clerk upon the order book, the alleged failure of the clerk to copy into the transcript the order-book entry showing the filing of the affidavit in the court below is not available for a dismissal of the appeal in a criminal case, where the clerk states in the transcript that the affidavit and information were filed.

SAME.—*Embezzlement.*—*Surviving Partner.*—*Person Acting in Fiduciary Capacity.*—*Who is.*—A surviving partner, who is engaged under the statute in winding up the partnership affairs, is acting in a " fiduciary capacity " within the meaning of section 1952, R. S. 1881, defining the crime of embezzlement by administrators, executors, or other persons acting in a fiduciary capacity.

SAME.—*Assets.*—*When Deemed in Possession of Surviving Partner by Virtue of Trust.*—When a surviving partner has filed the inventory and bond required, and entered upon the discharge of the duties imposed upon him by law, the assets of the partnership come into his possession by virtue of the trust within the meaning of section 1952.

SAME.—*Sufficiency of Information.*—An information for embezzlement under the above section, which charges that the money came into the defendant's hands as such surviving partner, is good upon motion to quash.

From the Harrison Circuit Court.

*A. G. Smith,* Attorney General, *C. W. Cook,* Prosecuting Attorney, *T. J. Wilson, W. N. Tracewell* and *R. J. Tracewell,* for the State.

*M. W. Funk* and *W. Ridley,* for appellee.

MILLER, J.—This is an appeal from the judgment of the court sustaining a motion to quash an information charging the commission of a crime.

A preliminary question is raised by a motion to dismiss the appeal, because it is claimed that the transcript does not con-

tain all the entries in the cause, and is not, therefore, full, true and complete.

The specific omission is said to consist in the failure of the clerk to copy the order-book entry showing the filing of the affidavit and information in the court below. We find in the transcript, immediately preceding the affidavit, a statement of the clerk that on the 24th day of September, 1890, during the September term of the court, the State, by her prosecuting attorney, appeared and filed with the clerk the affidavit and information which follow.

We can not judicially know, and are not otherwise informed, that an entry of such filing was made by the clerk upon the order-book, and must therefore overrule the motion.

It may not be improper to add that the statute does not require informations to be filed in term time and in open court, as in cases of presentment for crime by indictment, and, therefore, cases holding that the record must show the returns of indictments in open court are not in point.

It may be proper practice on the part of clerks to make order-book entries of such filing, but we are satisfied that the mere statement of the clerk, as shown by his file-mark on the back of an information, is sufficient *prima facie* to give jurisdiction; and in the absence of objection made in the trial court, we will presume in favor of the regularity of the proceedings. *App* v. *State*, 90 Ind. 73.

The facts charged in the information are, in brief, that on, and prior to, November 8th, 1889, the defendant and one James Woodward were doing business as partners; that on that day Woodward died, and that afterwards the defendant, as the surviving partner of the late firm, filed his bond, qualified, and entered upon the discharge of his duties as such; that afterwards, in June, 1890, the defendant, having failed to give an additional bond, as ordered by the court, was removed, and a receiver appointed of the firm assets, who qualified and entered upon the discharge of his duties as such

receiver ; that there came into the hands of the defendant as such·surviving partner, and of the moneys and assets of said partnership and belonging thereto, the sum of fifteen hundred and sixty-two dollars in current money of the United States ; that on the 20th day of September, 1890, the defendant, Halleck Matthews, did then and there feloniously fail and refuse to pay over the said sum collected and received by him as such surviving partner, on demand, then and there made, to the receiver, who was then and there entitled to receive the said money—the said defendant not then and there having a good cause for so failing and refusing to pay said money to said receiver.

The information is predicated upon section 1952, R. S. 1881, which, omitting the portion fixing the punishment, is as follows :  ·

" Whoever, being the administrator of the estate of a·decedent, or the executor of a last will, or guardian of any minor or insane person, or trustee or other person acting in any fiduçiary capacity, without good cause, fails or refuses, when legally required by the proper person or authority, to account for or pay over to such person or persons as may be lawfully entitled to receive the same, any money, choses in action, or other property which may have come into his hands by virtue of his office, duty, or trust, shall be deemed guilty of embezzlement."

The information was quashed, as we are informed in the brief of counsel, upon the assumption that the above-quoted section does not embrace a surviving partner who is proceeding under the statute to wind up the partnership affairs.

It is well settled that a partner can not commit a crime by any acts relating to the possession of the partnership property, such as embezzlement, larceny or burglary, for he is both principal and agent.    Bates Partnership, section 277 ; *Soule* v. *Hayward,* 1 Cal. 345 ; *State* v. *Butman,* 61 N. H. 511 ; *Napoleon* v. *State,* 3 Tex. App. 522 ; *Jones* v. *State,* 76 Ala. 8 ; *Becket* v. *Sterrett,* 4 Blackf. 499. Also that our stat-

ute relating to the settlement of partnerships by the surviving partner does not change or affect his interest in or right of possession of the partnership assets, but that he is the legal owner of the assets (*Wilson* v. *Nicholson*, 61 Ind. 241), and may make a voluntary assignment of the partnership assets, or prefer one firm creditor over the others by the execution of chattel mortgages. *First Nat'l Bank* v. *Parsons*,. 128 Ind. 147; *Hadley* v.·*Milligan*, 100 Ind. 49.

A number of cases may be found in which it has been held that even a slight interest in the property converted was sufficient to shield .the abstractor from punishment, but upon examination it will be found that the statutes upon which the prosecutions were predicated defined embezzlement as a conversion of the " property of another;" and the cases, therefore, are of little or no weight when applied to the· construction of the section of our statute under consideration where these controlling words are omitted. *State* v. *Kusnick*, 45 Ohio St. 535.

It will be observed that surviving partners are not enumerated as one of the class against whom the act is directed, and if included it must be under the words " or trustee or other person acting in any fiduciary capacity." By the rules of construction the trustee or person acting in the fiduciary capacity must be of the same class as those enumerated, viz.,. administrators, executors and guardians. *Nichols* v. *State*, 127 Ind. 406; Sutherland Stat. Const., section 270, *et seq.*; Endlich Int. Stat., section 405.

In determining whether a surviving partner is within the· class enumerated, we must look to the statutes defining his duties and powers rather than to definitions given in standard dictionaries, which, owing to the changes made by statute, might be misleading rather than helpful.

By the act in force since July 2d, 1877, sections 6046 to· 6053, R. S. 1881, it is provided that upon the death of a partner the survivor or survivors shall proceed to settle and close up the partnership affairs in accordance with the law

now in force and the provisions of that act. Within sixty days he must make an inventory and have the assets appraised, one of the appraisers being selected by the clerk of the court having probate jurisdiction, and the inventory and appraisement when made are to be filed in the office of this clerk, and verified by the oath of the surviving partner as to its completeness. When this bond is filed, such surviving partner is required to execute a bond in a sum double the amount of the interest of the decedent, conditioned for the "faithful performance of his or their *trust.*" Upon the settlement of the partnership business the surviving partner or partners are required to report the same to the court, and pay the surplus belonging to the deceased partner into court to be paid out on the order of the court. Two years are given in which the settlement is to be made, unless the time shall be extended by the court. It is also provided that if the surviving partner fails to file the bond required of him within ten days after filing the inventory and appraisement, or shall fail to file the inventory or appraisement within the time required, the court shall appoint a receiver who shall proceed to settle the trust as though a voluntary assignment for the benefit of creditors had been made. Power is also given to the court to appoint a receiver if, upon a hearing, it shall be convinced that the partnership business is not being properly settled.

This act, while it leaves the title of the property, and upon filing the inventory, appraisement and bond, the possession of the same, in the surviving partner, gives a supervising control to the court having probate jurisdiction, and appears to be modelled upon the act for the settlement of decedents' estates. The duties and liabilities of the surviving partner who undertakes to settle the partnership business under this act are similar to the duties required of administrators, executors and guardians, more analogous in fact than any other class of persons to whom our attention has been called. We are satisfied that surviving partners

when engaged in the settlement of the partnership affairs under the provisions of the statute are acting in a "fiduciary capacity," within the meaning of this act. To refuse to so hold would be the equivalent of holding that these words are without meaning, and it is our duty to give, if possible, some effect to every provision of the act.

We are not unaware of the existence of a strong line of cases holding that surviving partners are only trustees in a limited or qualified sense, but in none of them does it appear that the surviving partner was required by local statutes to give bond for the faithful performance of his trust in order to retain possession of the partnership property and settle its business.

There is much force in the argument that a surviving partner holds, not by virtue of any trust relation, but as the owner of the property, and in the ordinary meaning given to the term "embezzlement," this would be fatal to the information. The definition of embezzlement is given us by the section of statute under consideration; we are informed by the act just what is sufficient to constitute embezzlement, and there is no suggestion of ownership in another being an element in the crime.

In *State* v. *Kusnick, supra,* attention is called to the fact that in an amendment of the statute defining the crime, the words "property of another" are omitted, which was held to wholly eliminate the element of exclusive ownership by another as an ingredient in the crime.

In *People* v. *Mahlman,* 82 Cal. 585, in construing a similar act, the court says: "It does not say that, being an officer, if he is a member of the association, he shall not be guilty if he commits the act denounced, but it makes no exception, and enacts a sweeping declaration that all 'officers,' etc., whatsoever, without any reserve, who do the acts described therein, shall be held as embezzlers and punished as such."

If we look to the classes of officers who are enumerated,

we find executors and administrators, who are frequently, if not usually, interested financially in the property or money which they hold as such.

The objection that a surviving partner holds the partnership assets as owner, and that he has a right to them, and can not therefore be guilty of their embezzlement, whatever force it might have if applied to some of the other sections of this act defining the crime of embezzlement by employees, bailees and others, can have no effect when applied to the crime of embezzlement by fiduciaries. The crime does not consist in the unlawful conversion of the trust property—that is not mentioned or made an element in the crime—but it consists in the simple act of refusing, without good cause, when legally required by the proper person or authority, " to account for or pay over to such person or persons as may be lawfully entitled to receive the same," the money which may have come into their hands by virtue of the office or trust.

Whatever may be the rights in or title to the property in the hands of a surviving partner up to the time when a demand is made by some one lawfully entitled to receive the same, from that time it becomes wrongful and tortious.

Applying this rule to the allegations contained in the information, we may assume that the possession of the appellee, until he was removed by the court, and until the receiver made a demand for the money, was right and proper, but that upon demand made it became his duty, unless he had good cause for refusing, to pay over the money, and if such refusal was felonious it was, according to the provisions of the statute, an embezzlement of the funds so withheld. The language of the section of the crime act we are examining requires that the money, choses in action, or other property, which he refuses to pay over, shall have come into his hands " by virtue of his office, duty or trust," and it is claimed that the money charged to have been embezzled simply remained in his hands, upon the death of his partner as its owner, and that, therefore, the act does not apply. We are of the opin-

---

ion that when a surviving partner has filed the inventory and bond required, and entered upon the discharge of the duties imposed upon him by law, the assets of the partnership are within his possession by virtue of the trust, and may be said to have come into his hands as such at the time he takes upon himself the duties imposed by the act. The information expressly charges that the money came into his hands as such surviving partner; this we hold is a sufficient allegation to make the information good upon motion to quash.

The question of the sufficiency of the affidavit and information upon other grounds has not been argued in such manner as to call our attention to its various allegations, and we have confined ourselves strictly to the objections pointed out, and do not, therefore, pass upon its sufficiency, except as indicated in this opinion.

Judgment reversed, with instructions to proceed in accordance with this opinion.

