## THE STATE v. DUGGINS.

[No. 17,606.   Filed December 17, 1896.]

CRIMINAL LAW.—*Affidavit and Information.—Not Necessary to File in Open Court.*—It is not necessary that an affidavit and information be filed in open court, a filing in term time in clerk's office is sufficient.

SAME.—*Affidavit and Information.—Order-Book Entry of Filing.*—An order-book entry of the filing of an affidavit is unnecessary. The mere statement of the clerk that the same was filed as shown by his file-mark is *prima facia* sufficient to give jurisdiction.

SAME.—*Affidavit and Information.*—An information need not state that it was filed when the court was in session, and that the grand jury had been discharged for the term.

SAME.—*Rape.—Sufficiency of Affidavit and Information.*—An affidavit and information charging that defendant "did then and there unlawfully, feloniously and in a rude, insolent and angry manner touch, strike. pull, push, grasp and wound one A., a woman then and there being, with intent then and there and thereby unlawfully, feloniously, forcibly and against her will to ravish and carnally know her," etc., contains the essential elements of an assault and battery with intent to commit a rape.

From the Floyd Circuit Court. *Reversed.*

*W. A. Ketcham,* Attorney-General, *W. C. Utz, M. W. Funk* and *Merrill Moores,* for State.

*Kelso & Kelso,* for appellee.

HACKNEY, J.—It appears from the record "that on the 20th day of December, 1894, the same being the seventieth judicial day of the October term, 1894, of the Floyd Circuit Court," an "affidavit and information were filed in the clerk's office of" said court. Each said affidavit and information charged that the appellee, "on the 6th day of November, 1894, at said county of Floyd, and State of Indiana, did then and there unlawfully, feloniously and in a rude, insolent and angry manner touch, strike, pull, push, grasp and wound one Annie Schaum, a woman then and there being, with intent then and there and thereby unlawfully, feloniously, forcibly and against her will to ravish and carnally know her, the said Annie Schaum," contrary, etc.

The file mark upon each, said affidavit and information, copied into the record, discloses a filing thereof on said 20th day of December, 1894.

The appellee was arrested upon a warrant issued on said last named day, and on the following day gave bond for his appearance on the first day of the next term of said court. At the next term of said court, the appellee appeared in person and by counsel, and moved to quash said information, which motion was sustained, an exception was reserved, and that ruling is the only assigned error in this court.

We have not been favored with a brief on behalf of the appellee, and are not advised as to the reasons supporting the action of the trial court, further than as counsel for the appellant have stated that in the

argument, in the lower court in support of the motion, it was insisted (1) that the affidavit and information were filed in the clerk's office instead of having been filed in open court; (2) that allegations should have been made that the court was in session and that the grand jury had been discharged for the term; and (3) that there had been no order-book entry of the filing of such affidavit and information.

The first and third of these objections, to the filing of an affidavit and information, have been held untenable. *Masterson* v. *State*, 144 Ind. 240; *State* v. *Matthews*, 129 Ind. 281.

It was held in the first of these cases that the court would know judicially that the day of the filing was in term time, and that it was sufficient if the filing was in the clerk's office. In the last case cited it was held that if it appeared from the file mark it was *prima facie* sufficient to give jurisdiction.

The second objection stated has been held also to be of no avail. *Wright* v. *State*, 144 Ind. 210; *Nichols* v. *State*, 127 Ind. 406; *State* v. *Drake*, 125 Ind. 367; Burns' R. S. 1894, section 1802 (1733 R. S. 1881).

Ordinarily, the motion to quash has the effect of a demurrer, and admits the right to prosecute and the facts pleaded, but denies their sufficiency to constitute a cause of action. It may, therefore, be doubted whether the objections here made were raised by the motion to quash.

We observe no defect in the charge, and accept the statement of counsel for the appellant as to the objections urged below, since the court's ruling must have been for some such reasons or it would not have been deemed insufficient as charging an assault and battery. We are impressed that the information contains the essential elements of an assault and battery with the intent to commit an act which, if accomplished,

would have been rape. It is, therefore, the opinion of this court that the ruling of the trial court was erroneous.

The judgment is reversed, with instructions to the circuit court to overrule the appellee's motion to quash the information.