STATE, Appellant, v. JOHNSON, Respondent (two cases).

(217 N. W. 205.)

(File Nos. 6492, 6497. Opinion filed December 31, 1927.)

See, also, 210 N. W. 350, 353, 358.

*Buell F. Jones,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for the State.

*A. K. Gardner,* of Huron, and *Bielski & Elliott,* of Sioux Falls, for Respondents.

SHERWOOD, J. On December 4, 1926, the state's attorney of Minnehaha county filed with the clerk of that court six informations; four against Don B. Johnson and two against Frank H. Johnson. These informations were numbered 6492, 6493, 6494, 6495, 6496, and 6497. The last two were against Frank H. Johnson, the others against Don B. Johnson. Each information, except No. 6496, charged embezzlement of the funds of the Sioux Falls Trust & Savings Bank. No. 6496 charged willful misapplication of the funds of said bank. The dates on which it was alleged these crimes were committed were December 26 and November 30, 1923, January 2, 12, 14, and 14, 1924, following same order as information numbers given above. These informations were filed by the state's attorney with the clerk of courts of Minnehaha county

about 5 o'clock p. m. on December 4, 1926, after the court had adjourned for the day but before the adjournment of that term of court. Defendants were arraigned on these informations on January 25, 1927. On March 10, following, motions to quash the informations were filed. On March 22, the motions to quash the informations, discharge defendants, and release their bondsmen were granted. From each of these orders the state has appealed.

The issues involved were substantially the same in each case. By stipulation of counsel and order of court all the cases were consolidated for the purpose of this appeal. They were argued together. The record and argument presented in the brief was in particular to the information No. 6492, State of South Dakota v. Don B. Johnson, but applied equally to all the cases.

No issue was raised as to the form or sufficiency of the informations, and they will not be set out in this opinion. Defendants' motion to quash was based on all the records and files in the case, the affidavit of Eugene I. Foster, clerk of courts of Minnehaha county, and the several affidavits of the defendants.

The important part of Foster's affidavit was as follows:

"That such information was filed in the office of the clerk of the circuit court of Minnehaha county, S. D., by the said J. D. Coon at or about the hour of 5 o'clock p. m., on the 4th day of December, 1926, and at a time when there was no court in session, the court having adjourned for the day some time prior to such filing; that such information was presented by the said state's attorney at the counter in the office of affiant and not in the court-room, or at the chamber of any of the judges of the circuit court in and for Minnehaha county, S. D., and when so presented none of such judges were present or were advised of such filing."

The affidavits of defendants set forth in substance that—

"The defendant was within the state of South Dakota on the date of the alleged offense, many years prior thereto, and at all times subsequent thereto, and has been a resident and citizen and inhabitant of the state of South Dakota; and that more than three years had elapsed since the date of the alleged offense to the 25th day of January, 1927, when defendant was first informed that a charge had been made or filed against him in said circuit court.

At the foot of and upon each information the following indorsement was made with rubber stamp:

"Filed Dec. 4, 1926. Minnehaha Co. S. D. [Signed] Eugene I. Foster, Clerk Circuit Court."

On the back of each information was the following indorsement:

"Presented in open court by the state's attorney as a record of the court this 25th day of Jan. A. D. 1927. [Signed] Eugene I. Foster, Clerk. J. D. Coon, State's Attorney. Minnehaha Co. S. D."

The printed words "and filed" between the printed words "attorney" and "as" in each indorsement last above given were stricken out.

The motion to quash was made on the following grounds:

"That the said information was not found, indorsed, and presented or filed, as provided by law, in that—

"(a) Said information was filed only with the clerk of the circuit court * * * on December 4, 1926, and was not presented to the court, nor did the court order or direct such filing.

"(b) Said information was not presented to the court and was not filed in the manner provided by law, until more than three years had elapsed from and after the date of the alleged offense, as charged in said information.

"(c) No arraignment of the defendant was had upon said information until January 25, 1927, at which time more than three years had elapsed since the date of the alleged commission by the defendant of the offense set out in said information.

"(d) Said information was not filed in the manner provided by law, during a regular or special term of court for the trial of jury cases. On the contrary, said information was filed with the clerk of courts without an order of the court and without the same having been presented to the court and at a time when the said court had adjourned for the day and was then in session only for the purpose of the trial court cases, and at a time when the jury which had been previously called for service, during the term of court then in session, had already been discharged from further service during said term of court, and no term of said court, either regular or special, for the trial of jury cases, was convened at any time from and after December 4, 1926, to January 18, 1927, seven days prior to the arraignment of the defendant as hereinbefore referred to.

"(e) That said information was not filed in the manner provided by law, so that defendant could have been arraigned thereon within three years from and after the date of the offense set out in the information, with which the defendant is charged."

We have set forth the record in detail because the motion to quash the information challenges practically every step in the prosecution from the completion of the information to the arraignment of the defendants. We have also given respondent's motion to quash quite fully because it sets forth the particular facts on which he relies as well as the points of law raised.

It is respondent's contention:

(a) That this record shows on its face the information was not filed within three years after the offense was committed; and this with his undisputed affidavits of residence entitles him to a dismissal of the information.

(b) That an information must be presented and filed by permission or order of court, and in open court, substantially as an indictment is presented and filed. If not so presented and filed, the statute of limitations is not tolled and the information must be quashed on motion upon the grounds set forth in subsection 1 of section 4762, R. C. 1919.

The trial court, in sustaining the motion, certifies that his order to quash is made and based upon all the records and files in the action and upon the affidavits of Foster and defendant. This certificate leaves us in doubt whether the learned trial court held: (a) That the statute of limitations had run against the information; or (b) that the information was not found, indorsed, and presented or filed as provided by statute. However, three main questions are presented: (1) Does the challenge that it "is not found, indorsed, and presented or filed, as provided in the title," refer or apply to informations? (2) Does this record establish the bar of the statute of limitations in this case? (3) Was the statute of limitations tolled by filing the information on December 4, 1926? These questions will be considered in the above order.

Prior to 1895 all prosecutions, either in the district court of the territory or circuit court of the state, were by indictment, sections 161 and 162, C. C. P. 1877, sections 7188 and 7189, Com. Laws 1887, except cases mentioned in section 162 not necessary to be considered here.

By chapter 64, Session Laws 1895, it was provided that the circuit courts of this state might exercise jurisdiction to try and determine prosecutions for crimes upon information, and that the grand jury should be dispensed with except in certain cases. Said chapter 64, with two new sections, now 4700 and 4701, and with some minor changes not necessary to be further noted, was carried into R. C. 1919 as article 5 of chap. 1, Part 3, Title 5, R. C. 1919, and was entitled, "Information."

One section of chap. 64, supra, now numbered section 4704, R. C. 1919, reads as follows:

"All provisions of law applying to prosecutions upon indictment, to writs and processes therein and the issuing and service thereof, to motions, pleadings, trials and punishments, or the execution of any sentence and to all other proceedings in cases of indictment, whether in courts of original or appellate jurisdiction, shall in the same manner and to the same extent, as near as may be, apply to informations and all prosecutions and proceedings thereon."

Another section necessary to be considered is numbered 4762 and reads as follows:

"Sec. 4762. Cause for Setting Aside.—The indictment *or information* must be set aside by the court in which the defendant is arraigned, and upon his motion, in any of the following cases:

"1. When it is not found, indorsed and presented or filed, as prescribed in this title.

"2. When the names of witnesses are not inserted at the foot of the indictment *or information* or indorsed thereon.

"3. When a person is permitted to be present during the session of the grand jury, while the charge embraced in the indictment is under consideration, except as provided in section 4688.

"4. When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good grounds for challenge, either to the panel or to any individual grand juror.

"5. *When the defendant has not had a preliminary examination before the information is filed, as provided by section 4707.*"

This section, with the exception of the words we have printed in italics above and in the paragraph below, was in substance identical with section 256, R. C. 1877, which related to setting aside

indictments only. The second subdivision of section 256, supra, from which subsection 2 above was taken, read:

"2. When the names of the witnesses *examined before the grand jury* are not inserted at the foot of the indictment, or indorsed thereon." ·

It is manifest that after the enactment of chapter 64, Laws of 1895, we had two modes· of prosecution in the circuit court, viz., prosecution by information and prosecution by indictment. It is also manifest that it was sought to make the procedure in prosecutions by indictment, applicable to prosecutions by information, as near as might be, by the provisions of section 4704 and by slight amendments to the procedure sections, formerly applicable to indictments only.

This brings us to the inquiry: What provisions of law applying to prosecutions upon indictment, and what provisions of law applying to proceedings in cases of indictment, apply to this prosecution on information? The answer must depend largely upon the construction given to these two sections. ·

■ We think section 4704 must be construed as if it read: All provisions of law applying to prosecutions upon indictment shall apply, as near as may be, to prosecutions by information; and all provisions of law applying to proceedings in cases of indictment shall apply, as near as may be, to proceedings by information. Webster's New International Dictionary defines the words "apply" and "applying" as, "To make use of, connect with, or pronounce, as suitable, fitting or relative." The phrase, "as near as may be," relates to and limits the word "apply." As so limited, the section means that the rules of law and procedure on indictments shall apply to prosecutions on information so far, and so far only, as they are suitable, fitting, or relative to such prosecutions.

■ Turning now to section 4762: As we have seen, this section, as originally written, applied to indictments only. The words therein used, such as "found, indorsed and presented," etc., had a well-understood and definite meaning when applied to indictments, but were not usually, if at all, used in connection with informations. We cannot presume their meaning, or intended application, was changed by inserting the word "information" in this section, because we still have prosecutions by indictment in certain cases and they would be apt words on motion to set aside

an indictment in a proper case. The word "found" meant voted or concurred in by a grand jury, 31 C. J. 583, while an information "is a declaration or statement filed in behalf of the state without the intervention of a grand jury." Joyce on Indictments (2d Ed.) § 5. The words "indorsed and presented" are used jointly as one ground for setting aside an indictment. "Indorsed," as here used, meant writing the words, "a true bill," on the indictment which the grand jury had found and having this indorsement signed by the foreman of the grand jury. Section 4709, R. C. 1919. The word "presented" meant the bringing in of the indictment by the foreman of the grand jury in their presence in open court and there delivering it to the clerk. Section 4713, R. C. 1919. It seems needless to say that an information is never found, it is never "indorsed a true bill," and it is never signed by the foreman of a grand jury. There is no other provision of law requiring an information to be either found, or indorsed and filed. It is evident, therefore, that the first two grounds specified in subsection 1 of section 4762—namely, that it was not found, indorsed, and presented as prescribed—cannot apply to informations and are not grounds for setting an information aside.

 This view is supported by an examination of the other subsections. It is manifest from an inspection of subsections 3, 4, and 5, that 5 relates only to informations and 3 and 4 relate only to indictments. While subsection 2, supra, appears to relate to both indictments and informations alike, and to apply to the failure to indorse the names of witnesses thereon, we find the names of the witnesses that must be indorsed on the information are those known to the state's attorney at the time the information is filed, section 4702, R. C. 1919, while those which must be indorsed on the indictment are the witnesses examined before the grand jury, section 4712, R. C. 1919.

It is therefore evident that the real ground for setting aside the information under this section is materially different from the ground required to set aside the indictment under the same section. While both refer to failure to indorse the names of witnesses on the accusing paper, the class of witnesses referred to, and which must be set forth as the real ground for setting aside the information, are those known to the state's attorney when the information is filed; and this class of witnesses is determined by the provisions of

section 4702 of article 5, entitled, "Information"; whereas, the real ground for setting aside the indictment under the same section, viz., that the witnesses examined before the grand jury were not indorsed on the indictment, is found in section 4712, art. 6, entitled, "Indictment." The words "or filed," in subsection 1, might apply to either informations or indictments, but the special act providing for informations provided also when, where, and by whom such informations must be filed and when filed as provided in said act the filing is sufficient.

█ The record shows the information was filed during a regular term of court, Jones v. McClaughry, 169 Iowa 281, 151 N. W. 210, in the proper court and county, and by the proper officer. Section 4702, R. C. 1919. It was filed with the clerk of courts entitled to receive and file it. Stefani v. State, 124 Ind. 3, 24 N. E. 254; State v. Duggins, 146 Ind. 427, 45 N. E. 603; State v. Matthews, 129 Ind. 281, 28 N. E. 703; State v. Corbit, 42 Tex. 88; Rasberry v. State, 1 Tex. App. 664; State v. Kyle, 166 Mo. 287, 65 S. W. 763, 56 L. R. A. 115; State v. Derkum, 27 Mo. App. 628.

█ Leave of court was not necessary before the information was filed, 31 C. J. 626, § 133, and cases cited in note 76. Sharp v. State, 61 Neb. 187, 85 N. W. 38.

█ This action was commenced and the statute of limitations tolled by filing the informations on December 4, 1926. Section 4655, R. C. 1919. It follows that defendant was not entitled to have the informations quashed on any ground set forth in subsection 1 of section 4762.

█ That the bar of the statute of limitations, based on the question of residence of defendant, or the date of the commission of the offense set forth in the information or indictment, must be raised, if at all, by evidence given at the trial under the general issue, is settled in this state by Smith v. Jones, 16 S. D. 337, 92 N. W. 1084.

We have carefully examined the cases cited by respondent. We do not agree with either the reasoning or conclusions in State v. Stevens, nor State v. Rank, 162 Minn. 393, 203 N. W. 49.

The other cases referred to by respondent where the bar of the statute of limitations was raised by demurrer or plea in bar were chiefly cases based on an admitted judgment in bar previously

rendered; or where the sole question was under which of two statutes the action was brought. It being conceded. if the information was brought under one statute it was barred by the statute, while if brought under the other, it was not. The rule announced in State v. Jackson, 21 S. D. 494, 113 N. W. 880, 16 Ann. Cas. 87, is not applicable here. That decision was based on a different statute, and involved the right of defendant to have the jury polled or verdict delivered in presence of the jury whose foreman alone had signed the verdict.

The order quashing each of the informations is reversed.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur in the opinion.

BROWN, J., disqualified and not sitting.