Margaret E. GRIGSBY, M. D., Plaintiff,

v.

STERLING DRUG, INC. and Winthrop Laboratories, Inc., Defendants.

Civ. A. No. 74–1194.

United States District Court, District of Columbia.

July 25, 1975.

Clement Theodore Cooper, Washington, D. C., for plaintiff.

James C. Gregg, Gary W. Brown, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Plaintiff, a physician, lost considerable hearing in her left ear in 1968. In this complaint filed in August, 1974, she alleges that her injury was caused by defendants' drug Aralen (chloroquine phosphate), which the Public Health Service prescribed for her over a long term as an antimalarial prophylaxis while she was in Nigeria in government service. She has received some compensation from the Government for her injuries, but she now brings this action against the drug manufacturer seeking $3 million in damages.

Although phrased as separate causes of action sounding in negligence, breach of warranty, products liability and fraud, plaintiff's complaint essentially claims that defendants knew or should have known that their product was not safe, especially for use as a prophylaxis, but that they failed to so inform the medical profession, and that as a result of their failure adequately to test their product, or the suppression of adverse research data, if there was any, she sustained her injuries. Defendants moved for summary judgment on the basis of the three-year statute of limitations, 12 D.C.Code § 301(8) (1973), after discovery from plaintiff and others. The issues have been briefed and argued and can be resolved as a matter of law on the undisputed facts contained in the affidavits and depositions filed and a further particu-

larized statement of the fraud count, requested by the Court.

The statute of limitations on each of the causes of action begins to run from the time plaintiff learned, or in the exercise of due diligence could have learned, that her injuries were not simply misfortune but resulted from an undisclosed defect in defendants' product. *Jones v. Rogers Memorial Hospital,* 143 U.S.App.D.C. 51, 442 F.2d 773 (1971); *Wiren v. Paramount Pictures,* 92 U.S.App.D.C. 347, 206 F.2d 465 (1953), *cert. denied,* 346 U.S. 938, 74 S.Ct. 378, 98 L.Ed. 426 (1954). It is undisputed that plaintiff knew she had suffered substantial hearing loss in 1968, although perhaps the full extent of her injuries had not yet become known. The issue is whether or not she knew, or in the exercise of due diligence should have discovered, that a defect in defendants' product had caused her injuries, contrary to defendants' continuing representations that the product was safe.

The Court is not unmindful that these are issues which must be left to the trier of fact in all but the most exceptional cases, for "even where there is no dispute as to the evidentiary facts . . . but only as to the conclusion [whether certain efforts did or did not constitute "reasonable diligence"] to be drawn therefrom," a material factual issue may remain. *Johns Hopkins Univ. v. Hutton,* 488 F.2d 912, 918 (4th Cir. 1973), *cert. denied,* 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed. 118 (1974). *See also, Jones v. Rogers Memorial Hospital, supra,* 442 F.2d at 775 n. 2. Nonetheless, where the evidence is such that the Court could only permit the issue of due diligence to be resolved by a jury in one way, summary judgment may be appropriate.* *See Hoeflich v. William S. Merrell Co.,* 288 F.Supp. 659, 662 (E.D.Pa.1968); *Carney v. Barnett,* 278 F.Supp. 572, 575 (E.D.Pa.1967). After careful consideration of the undisputed facts in this case, the Court has concluded that in 1968 plaintiff knew, or through the exercise of due diligence could have known,

---

* It is important to note that at oral argument plaintiff's counsel conceded that there are no facts in addition to those already before the Court bearing on the issue of plaintiff's knowledge or diligence.

that she had a claim that her injuries were caused by a defect in defendants' product. Therefore, the statute of limitations has run and defendants must be granted summary judgment.

It is undisputed that plaintiff took 500 mg. per week of Aralen between September 1966 and October 1968. In August, 1968, she felt dizzy, became nauseated and had a feeling her ears were stuffed with cotton. Her hearing was suppressed and distorted. Things improved somewhat after medical attention but her hearing in her left ear was thereafter substantially impaired. After her return to the United States in October, 1968, she was referred to a specialist, Dr. Fields. After examining her, Dr. Fields concluded the "most likely cause" of her hearing loss was chloroquine toxicity (Fields deposition, 27). He told her to stop taking the chloroquine and advised her there was "a possibility" that it was the cause of her hearing loss. (Fields deposition, 10; Grigsby deposition, 45–6).

Having been informed of this "possibility," a great many avenues of further investigation were open to Dr. Grigsby which she did not pursue. There were several recent references in the medical literature regarding hearing loss as the result of chloroquine toxicity. Dr. Grigsby never asked Dr. Fields any questions regarding the basis for his diagnosis. Her hospital records contained the statement by another doctor, "rule out chloroquine toxicity," indicating the strong suspicion of such toxicity (Fields deposition, 24), but Dr. Grigsby never saw them until immediately prior to bringing this lawsuit (Grigsby deposition, 53). Dr. Grigsby testified she had never seen the package insert describing the known side effects of chloroquine (Grigsby deposition, 17), although as a physician she had a statutory right to request one from the manufacturer. 21 U.S.C. § 331(o). Nor did Dr. Grigsby initiate any other communication with the manufacturer to attempt to determine whether any similar side effects had been reported. Cf. Hoeflich v. William S. Merrell Co., supra, 288 F.Supp. at 661 n. 2.

What plaintiff claims she did do, however, as a result of the suspicions Dr. Fields had aroused, was to consult the Physicians' Desk Reference (PDR), a standard medical manual, for the years 1968 through 1973. Initially plaintiff sought to avoid the statute of limitations by claiming the information supplied by the manufacturer in this reference amounted to fraudulent concealment sufficient to toll the statute of limitations, see Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), in that the PDR "did not report any connection between the use of ARALEN and Neurosensory Hearing Loss," until the 1974 edition. (Grigsby affidavit, April 11, 1975, ¶ 10). However, it subsequently developed that the PDR for the years 1969, 1970 and 1971 did emphasize the various toxicity reactions plaintiff experienced and in fact contained the following specific statement: "A few cases of a nerve type deafness have been reported after prolonged therapy, usually in high doses." All that was added in 1974 was the report of a particular case strikingly similar to plaintiff's "Tinnitus [ringing in the ears] and reduced hearing have been reported in a patient with preexistent auditory damage, after administration of only 500 mg. once a week for a few months."

Plaintiff has not, in fact, discovered any new information which has enabled her to bring the lawsuit. See Emmett v. Eastern Dispensary and Casualty Hospital, 130 U.S. App.D.C. 50, 396 F.2d 931, 937–8 (1967). Rather, as her condition has worsened, it has become more of an impediment to her in her career, and, as counsel stated at oral argument, she was advised by a personal friend who is a lawyer that she might have a good legal case. (See also, Grigsby affidavit, April 11, 1975, ¶ 11). Such subjective factors do not preclude the running of the statute of limitations. Cf. Maddox v. Andy's Refrigeration & Motor Service Co., 160 A.2d 799 (D.C.Mun.App.1960).

The three-year period of time since plaintiff's cause of action arose having run, and there being no material dispute of fact precluding the conclusion that plaintiff knew

or in the exercise of due diligence could have learned of the facts giving rise to her cause of action, summary judgment shall be granted in favor of defendants.

SO ORDERED.