STATE of South Dakota, Plaintiff and Appellant,

v.

Harvey L. TEXLEY, Defendant and Respondent.

No. 12469.

Supreme Court of South Dakota.

Argued Nov. 16, 1978.

Decided March 1, 1979.

Thomas J. Welk, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on brief.

Thomas W. Stanton, Brookings, for defendant and respondent.

FOSHEIM, Justice (on reassignment).

The State, by an information filed May 23, 1977, charged defendant with embezzlement by an employee, in violation of SDCL 22–38–5.[1] The crimes with which defendant was charged occurred from January of 1969 to May of 1972. The trial court found that discovery of the crimes took place prior to May 23, 1974, and thus dismissed the charges on the grounds that the statute of limitations had run. SDCL 23–8–4.[2] The State has appealed, contending that the time of discovery presented a factual question that should have been submitted to the jury. We hold that the statutes providing for appeal by the State in criminal cases do not give us jurisdiction in this case. We therefore dismiss the appeal.

■ The appellate jurisdiction of this court is entirely statutory. If the legislature has not provided us with jurisdiction of a criminal appeal, we are without power to hear the case. *State v. Nuwi Nini*, S.D., 262 N.W.2d 758 (1978); *State v. Devine*, S.D., 257 N.W.2d 606 (1977).

■ The right of the State to appeal a criminal case is governed by SDCL 23–51–2.[3] The State contends that it has, in this case, appealed "[f]rom an order setting aside the indictment or information . . ." under subsection (2) of this statute. We held in *State v. Nuwi Nini*, supra, however, that an appeal under this subsection is only proper where the information was set aside for one of the reasons set forth in SDCL 23–36–1.[4]

1. SDCL 22–38–5 read:
   Embezzlement by employee.—Age limit.—If any employee over eighteen years of age fraudulently appropriates to his own use or secretes with a fraudulent intent to appropriate to his own use any property of any other person which has come into his control or care by virtue of his employment, he is guilty of embezzlement.

2. SDCL 23–8–4 read:
   Forgery or embezzlement, other than public money.—Limitation based on discovery.— When the defendant is charged with forgery or embezzlement, other than of public moneys, an action described in § 23–8–3 may be commenced at any time within three years after the discovery of the crime. The failure of discovery, if more than three years has elapsed at the time of prosecution, shall in all cases be pleaded and proven in the same manner as other elements of the offense.

3. SDCL 23–51–2 reads:
   Right of state to appeal.—An appeal to the Supreme Court may be taken by the state from any of the following:
   (1) From a judgment for the defendant on a demurrer to the indictment or information;
   (2) From an order setting aside the indictment or information or arresting the judgment;
   (3) From an order granting a new trial;

   (4) From a judgment for the defendant when the court sustains objection to the introduction of any evidence when the basis of such objection is such as might be ground for demurrer under § 23–36–8.

4. SDCL 23–36–1 reads:
   Setting aside indictment or information—Motion required—Grounds.—The indictment or information must be set aside by the court in which the defendant is arraigned, and upon his motion, in any of the following cases:
   (1) When it is not found, endorsed, and presented or filed, as prescribed in this title;
   (2) When the names of witnesses are not inserted at the foot of the indictment or information or endorsed thereon;
   (3) When a person is permitted to be present during the session of the grand jury, while the charge embraced in the indictment is under consideration, except as provided in §§ 23–30–7 and 23–30–8;
   (4) When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good grounds for challenge, either to the panel or to any individual grand juror;
   (5) When the defendant has not had a preliminary examination before the information is filed, as provided by §§ 23–20–2 and 23–20–3.

The State contends that the information in this case was set aside because it was not "found, endorsed, and presented or filed, as prescribed in this title [SDCL tit. 23]." SDCL 23–36–1(1). This argument continues to the effect that a finding that the indictment was filed outside the period allowed by SDCL 23–8–4 is inherently a finding that the indictment was not filed as prescribed by SDCL tit. 23.

We are unable to accept this contention. In *State v. Johnson*, 52 S.D. 273, 217 N.W. 205 (1927), we considered the applicability of SDCL 23–36–1(1) to an information, and observed that the word "filed" is the only part of the language in subsection (1) that can be construed to apply to an information. "Found, endorsed, and presented" apply exclusively to indictments, while "filed" is used in our statutes in connection with both forms of accusatory pleading. *See* SDCL Chapters 23–20 and 23–31. *Johnson*, supra, held that when the filing requirements of R.C.1919 §§ 4699 to 4708, which became those of SDCL Ch. 23–20, were met, the information was properly "filed" under R.C.1919 § 4762–1. [SDCL 23–36–1(1)]. Neither R.C.1919 §§ 4699 to 4708 nor SDCL 23–20 include the requirement that the information be filed within the period of the statute of limitations. Such a requirement is, therefore, not part of the filing necessary to comply with SDCL 23–36–1, and the trial court did not set the information aside for failure to comply with that section. We are thus without jurisdiction to hear the appeal. *State v. Nuwi Nini*, supra.[5]

The appeal is dismissed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurring specially.

HENDERSON, Justice (concurring specially).

## CONCURRENCE

I agree with the decision of the Court, but I wish to identify some factual and legal points for further judicial consideration.

## FACTS

A company known as the Hinderaker Company, Inc., was located in Astoria, South Dakota, and was a corporation operating a grain elevator. At the very latest, in August of 1972, this corporation determined a shortage of flax in excess of 20,000 bushels. Defendant Texley was not only the manager, but the only full-time employee during this time. In April of 1973, the Hinderaker Company, Inc., filed a civil action against the defendant alleging "fraud, misappropriation, and concealment." Testimony elicited by the trial judge himself established that the principal officer of this company could only account for this shortage of grain by a major theft or some scheme to convert or embezzle it. Additionally, in 1972 the defendant was relieved of his employment and subsequently the Commodity Credit Corporation requested delivery of all stored flax in the elevator. Delivery was made and a shortage of some $58,000 was discovered in flax deliveries. It appeared to the trial court that the Hinderaker Company, Inc., had a definite shortage of approximately $58,000 in its flax account and during the period of time when the defendant Texley was the only employee.

The civil action, as of the filing of the briefs herein, still pends.

The crime alleged in the information, namely embezzlement, covered a period from January, 1969, to May, 1972.

The trial court believed that it was absolutely clear from the record that the Hinderaker Company, Inc., in April of 1973, was aware of the grain shortage and suspected defendant of converting this grain.

The facts, cited above, appear to be uncontroverted.

The circuit court ruled that these facts, as a matter of law, constituted discovery for

---

5. We note that the court in *State v. Johnson*, supra, considered and determined an appeal by the state from a trial court order dismissing the charges because the statute of limitations had run. It does not appear that the jurisdictional issue, which we find dispositive here, was considered.

purposes of SDCL 23–8–4. The state urges upon this Court that this was a factual determination for a jury and not a question of law for the trial judge to decide. Under Federal Practice and Procedure, Wright and Miller, § 1277, *Bormann v. Beckman*, 73 N.D. 720, 19 N.W.2d 455 (1945), *Grigsby v. Sterling Drug, Inc.*, D.C., 428 F.Supp. 242, aff. 177 U.S.App.D.C. 270, 543 F.2d 417 (1976) it is generally held that a statute of limitations defense is a question of law when there is no dispute in evidence as to facts.

Nonetheless, for reasons assigned below, this Court cannot affirm the trial judge or reverse his decision with respect to this aspect of the case.

The defendant in his brief urges that this Court cannot entertain this appeal as there is no statutory authority for the state to appeal.

## ISSUES

1. Is this Court without jurisdiction to hear this appeal? 2. Did the trial court properly decide as a matter of law that the statute of limitations had run?

## DECISION

Our jurisdiction to entertain appeals is limited by statute. *State v. Devine*, 257 N.W.2d 606.

It is for the legislature to expand the right to appeal. *State v. Stunkard*, 28 S.D. 311, 133 N.W. 253.

The right to a criminal appeal is purely statutory and does not exist in the absence of a statute. *State v. Wagner*, 86 S.D. 382, 196 N.W.2d 360.

Article V, Section 5, of the South Dakota Constitution gives the legislature the power to define the appellate jurisdiction of the Supreme Court. The Constitution provides: "The Supreme Court shall have appellate jurisdiction as may be provided by the legislature . . . ." The legislature has defined the State of South Dakota's right of criminal appeal. SDCL 23–51–2.

In *State v. Nuwi Nini*, 262 N.W.2d 758, this Court reiterated its fundamental appellate jurisdictional principle that if there is no statutory authorization, there is no right to appeal.

This Court is dependent upon the legislature to expand its jurisdiction, if in the legislature's determination, broader criminal appeal jurisdiction is desirable.

Since the *Nuwi Nini* decision in 1978, the legislature has taken no action to broaden the Supreme Court's jurisdiction. Therefore, this Court should now uphold the rules set down by that case.

The State of South Dakota simply has no right to appeal under the factual showing and the record in this case. In this state, the right of the state to appeal is severely restricted. The legislature has made it so. The state in the instant case has not structured its appeal within the framework of our state statutes and legislative intent.

This Court having no jurisdiction, we cannot address ourselves to the question which the state advocates: that the trial judge should not have ruled, as a matter of law, that discovery of the crimes took place prior to May 23, 1974, thusly dismissing the information on the premise that the statute of limitations had run. SDCL 23–8–4.

I would therefore dismiss the state's appeal.