## STATE V. FINSTAD.

Comp. Laws, § 7503. provides that a writ of error may be sued out by the state "(1) from a judgment for the defendant on a demurrer to the indictment; (2) from an order arresting the judgment; (3) from an order granting a new trial." The county court reversed a conviction before a justice of the peace without granting a new trial. Held, the state could not sue out a writ of error from the county court's judgment.

(Opinion filed Feb. 4, 1903.)

Error to Minnehaha county court. Hon. D. R. BAILEY, Judge.

Ada Finstad was convicted of the crime of assault and battery in a justice's court and from the judgment of the county court reversing the conviction the state brings error. Writ of error dismissed.

*A. W. Burtt,* Atty. Gen., and *W. D. Scott.* State's Atty. (*R. W. Parliman,* of counsel), for the State.

*Joe Kirby*, for defendant in error.

CORSON, J.  The defendant in error was tried, convicted, and sentenced in the justice's court of Minnehaha county on a charge of assault and battery, and from the judgment and sentence she appealed to the county court of that county, where the case was tried, and substantially the following judgment was rendered: "In this action, it appearing to the court that the justice of the peace having failed to enter the verdict and render judgment thereon immediately at the close of the trial, and also after the docket entry was completed and signed by the justice," he "added to the said judgment the further provision, 'or twelve days in the county jail', of Minnehaha county:  Now, therefore, on motion of Joe Kirby, defendant's attorney (R. W. Parliman W. D, Scott appearing in opposition thereto), it is ordered and adjudged that the judgment rendered by the said justice be, and the same is hereby, reversed.  It is further ordered and adjudged that a copy of this judgment be forwarded to the clerk of the said court from whence the appeal was taken."  To review this judgment, the state sued out a writ of error from this court.  When the case was called for argument, the counsel for the defendant in error moved to dismiss the writ and quash the proceedings upon the ground that this court had no jurisdiction to review this judgment of the county court on a writ of error issued on behalf of the state.

Section 7503, Comp. Laws, provides that a writ of error may be sued out by the state in the following cases:  "(1) From a judgment for the defendant on a demurrer to the indictment.  (2) From an order arresting the judgment.  (3) From an order granting a new trial."  It will be noticed that

this section limits the right of the state to review the proceedings of the subordinate courts in criminal actions to three classes of cases. The new trial mentioned in the third subdivision clearly refers to the new trial as defined by our statute in section 5087, as follows: "The new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or referees." It will be observed that by the decision of the county court the judgment of the justice's court is reversed, but no new trial is ordered. Whether or not this court would have jurisdiction had a new trial been granted by the county court under the provisions of sections 6177 and 6136, Comp. Laws, it is not now necessary to decide, as clearly, under the judgment rendered, this court is without jurisdiction to review the proceedings of that court on this writ.

In the view we have taken of the case, it will not be necessary to consider or discuss the question of the jurisdiction of the county court over appeals from justices' courts, or the validity of the justice's judgment, presented on the part of the state, and we therefore express no opinion thereon.

The motion of the defendant in error is granted, and the writ of error is dismissed.