## STATE v. STUNKARD et al.

The constitutional provision (Const. art. 6, § 9) protecting persons from being twice placed in jeopardy does not prohibit a statute authorizing an appeal by the state to determine questions of law, and the question of former jeopardy does not arise until accused, who has been acquitted, is again placed on trial for the same offense.

The right of appeal is statutory, and may be exercised only by the party to whom it is given.

Under Code Cr. Proc. §§ 479, 483, providing that writ of error may be sued out from a judgment for accused on demurrer to the information, from an order setting aside the information or arresting the judgment, and from an order granting a new trial, and Laws

1907, c. 120, § 1, authorizing a review by appeal, a ruling sustaining an objection to the information when taken by demurrer or in arrest of judgment is reviewable on appeal by the state, while a ruling sustaining an objection when taken at the trial after the overruling of a demurrer is not so reviewable, since though, under Code Cr. Proc. §§ 272, 280, an objection that an information does not state an offense may be taken by demurrer, at the trial under a plea of guilty or in arrest, a ruling on an objection taken at the trial is not within section 483.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Moody County; Hon. J. W. JONES, Judge.

Mrs. Malinda Stunkard and another were charged with crime, and from an order denying a new trial, after dismissing the action and discharging defendants, the State appeals. Dismissed.

*Royal C. Johnson, Atty. Gen.,* and *M. Harry O'Brien, Asst. Atty Gen. (Ira F. Blewitt, of counsel),* for the State. *Joe Kirby,* for respondents.

HANEY, J. A demurrer on the ground that the information did not state a public offense having been overruled, a plea of not guilty entered, a jury impaneled, and a witness on behalf of the state called and sworn, the defendants objected to the admission of any evidence on the same ground as that stated in their demurrer. The objection was sustained, the jury was advised to return a verdict of not guilty, which was done, and an order or judgment was entered dismissing the action and discharging the defendants from custody. Subsequently the state applied for a new trial, which was refused, and it appealed from the order or judgment dismissing the action and discharging the defendants, and from the order refusing a new trial.

Defendants now move to dismiss the appeal for the following reasons: "(1) That this is a criminal proceeding. The jury have returned a verdict of 'not guilty,' judgment of acquittal has been entered therein, and no appeal lies by the state. (2) That to consider such appeal would be to defeat the purpose, letter, and spirit of section 9, article 6, of the Bill of Rights in our Constitution. (3) That our statute (section 483, Code of Criminal Procedure) has not provided for such appeal."

[1] The question as to whether defendants have been once put in jeopardy does not affect the state's right to have the rulings of the circuit court reviewed on appeal or by writ of error. The question of former jeopardy will not properly arise until the defendants shall have been again placed upon trial for the same offense and interpose the plea of former acquittal. In re Nesson, 25 S. D. 330, 126 N. W. 594. While the Constitution (article 6, § 9) efficiently protects persons accused of crime from being "twice put in jeopardy for the same offense," it does not preclude the Legislature from authorizing the review of criminal actions on appeal or by writ of error for the purpose of having questions of law considered and determined. Hence defendants' motion to dismiss merely involves the question as to whether the pending appeal is authorized by the statutes.

[2] The right of appeal is purely statutory. It is not conferred by the Constitution, and can be exercised only by the party to whom it is given. Huron v. Carter, 5 S. D. 4, 57 N. W. 947; Grigsby v. Minnehaha County, 6 S. D. 492, 62 N. W. 105; McClain v. Williams, 10 S. D. 332, 73 N. W. 72, 43 L. R. A. 287, 289.

[3] Chapter 1, tit. 10, of the Revised Code of Criminal Procedure, relating to writs of error, contains these provisions:

"Sec. 479. Either party may sue out a writ of error to remove to the Supreme Court, and therein to re-examine and review the record and bills of exception in a criminal action, upon matters of law decided in the circuit courts, in manner as prescribed in this chapter."

"Sec. 483. The writ may be sued out by the state: (1) From a judgment for the defendant on a demurrer to the indictment or information. (2) From an order setting aside the indictment or information or arresting the judgment. (3) From an order granting a new trial."

Chapter 120, Laws 1907, provides: "Sec. 1. No writ of error shall be necessary to present for review in the Supreme Court any judgment or order heretofore removable thereto by such writ, but any such judgment or order may be therein reviewed by appeal

and the words 'writ of error' where used in the laws of this state, shall be held to mean and include 'appeal.'"

Therefore the state's right of appeal in a criminal action is confined to the judgment and orders designated in section 483. State v. Finstad, 16 S. D. 422, 93 N. W. 640. There is no ambiguity in the language of that section. It does not authorize an appeal by the state from an order refusing a new trial. Unless the judgment or order in the case at bar dismissing the action and discharging the defendant can be regarded as a judgment for the defendant on the demurrer to the information, the pending appeal cannot be maintained. The objection that an information does not state a public offense may be taken by demurrer, at the trial under the plea of not guilty, or in arrest of judgment. Rev. Code Crim. Proc. §§ 272, 280. Though, perhaps, the information should be more liberally construed when the objection is interposed at the trial or in arrest of judgment, the issue in either case is one of law merely, involving the sufficiency of the pleading. Nevertheless, a ruling on the objection, when taken at the trial, is not a ruling on a demurrer to the information or a ruling on a motion in arrest of judgment within the meaning of section 483. Mandelert v. Land Co., 104 Wis. 423, 80 N. W. 726. Though it may seem unreasonable that a ruling sustaining the objection when taken by demurrer or in arrest of judgment is reviewable on appeal by the state, and a ruling sustaining the objection when taken at the trial is not so reviewable, the Legislature in its wisdom certainly has so provided. While it is regrettably true that the procedure followed in this instance has resulted in a judgment or order discharging the defendants from custody based solely on a defect, if any existed, in the information, which apparently might have been easily remedied, the result is one not likely to frequently occur, and one which may be avoided without disregarding the statute. The trial court will not usually have occasion to overrule the objection that the information does not state a public offense on a demurrer and sustain it when taken at the trial. And in all cases when the trial court concludes that the information does not state a public offense, after having overruled a demurrer

on the same ground, it can preserve the state's right of appeal either by vacating its order overruling the demurrer and entering judgment thereon for the defendant, or by overruling the objection when taken at the trial and sustaining a motion in arrest of judgment.

The appeal is dismissed.