STATE, Plaintiff, v. KIEFFER (SMITH, et al., Appellants.)

(187 N. W. 164.)

(File No. 5083. Opinion filed March 10, 1922.)

**1. Search Warrant—Intoxicating Liquors, Warrant For Search, Seizure, of Liquor, Etc., For Evidence Re Prosecutions, Order For, Under What Law Issued—Statute.**

A search warrant, under an application therefor entitled "State of South Dakota, Plaintiff, v. Joe Kieffer, Defendant," under which certain personalty, evidently a liquor still, some intoxicating liquor and containers for such liquor, was seized, in which proceeding an order was made upon Kieffer's application, upon sheriff, his deputy and another, alleged to have been in possession thereof, for its return to defendant and to effect that it should not be used as evidence against Kieffer—was a warrant issued under Sec. 10329, Code 1919; trial court having relied upon the provisions therein that the liquor, furniture and implements so seized shall be held subject to the order of the court or magistrate "to be used as evidence in the prosecution of any case for the violation of any law or any ordinance prohibiting the sale of intoxicating liquor" throughout the district, etc., where seized.

**2. Same—General Search Warrant Statute, What May Be Searched For Thereunder—Application For, How Entitled—Warrant On Behalf of State, For Evidence For What Use—Whether "In" Criminal Proceeding.**

Under the general search warrant statute (Secs. 4604-4624, Code 1919,) the warrant may be issued for three general purposes: to search for stolen or embezzled property; for property that has been used as means of committing felony; and for property in possession of one holding it with intent to use it as means of committing a public offense; and while it must issue in name of state, application for it need not be entitled in name of state, to so entitle does not make it a criminal action. The proceeding is not against any person, but for discovery and to get possession of personalty, and may or not lead to any kind of action; warrant being issued on behalf of state for purpose of obtaining evidence to support criminal action begun or to furnish information determining propriety of bringing one. Such proceeding is not one in a criminal action; since such warrant might issue in one county while the crime, if any, was committed in another, and magistrate might issue it for evidence usable in an action in some other court; is even issuable

by a person to rightfully use the property and fact of its discovery, in an action civil or criminal in another state, or in federal courts; property found with one person may be used in evidence against another; is a special drastic remedy based on public necessity, resembling somewhat "John Doe" proceedings (under Sec. 4504, Code 1919,) except that information procured under the latter is by sworn testimony, while under search warrant property, its locus, etc. are the subject.

3. Same—Warrant Under Special Law, Contemplates Criminal Complaint Against One Supposedly Guilty—May Issue From Another Court—Such Process "Special Proceeding," Not "Criminal Action."

Proceedings under Sec. 10329, Code 1919, contemplate that if search brings evidence of violation of law, criminal complaint against person or persons supposed to be guilty will follow; but thereunder such action may be brought before search warrant issues; while warrant may issue from another than the court in which criminal action is pending; nor need a criminal action, following search, be before magistrate issuing the warrant. Proceedings under this as well as under the general law (Secs. 4604-4624) are "special proceedings," not "criminal actions," though, like "John Doe" proceedings, intended solely in aid of enforcement of laws against crimes.

4. Same—Non-explanatory Record, Presumption of Previous Arrest, And That Property Usable Against Defendant Bound Over, Giving Jurisdiction For Order Restoring Property—Order As "Special Proceeding."

The record herein not disclosing why circuit court was applied to for an order returning the property found under search warrant to owner (termed "defendant" in the proceeding) and to effect that it should not be used as evidence against him, Court will presume he was arrested charged with some offense, and that the property taken, and the fact that it was found in his possession, might be used in evidence against him, also that if such charge was laid before magistrate issuing search warrant, he had been bound over to circuit court, thus conferring jurisdiction in a criminal action. Whether any language in Sec. 10329, Code 1919, confer authority, before trial, to determine whether warrant was valid or whether facts supported its issuance not decided; but if circuit court's action was authorized, it was an order in search warrant proceedings not a criminal action, and therefore "special proceedings."

5. Appeal—Search Warrant Proceeding—Property Custodians As Holders For State—Order For Return of Property, Appeal From, State As Aggrieved—Whether "Final Order," State's Right To Appeal—Non-dismissal of Appeal.

Appellants, a sheriff and his deputy and another holding property taken under search warrant in a "special proceeding"

in which, while the person evidently complained against was named as "defendant" (the State being plaintiff), said custodians were on appeal from an order for return of the property to defendant, named as "appellants"—were holding the property as representatives of and by authority of the state; hence, held, circuit court in making such order was proceeding against them as such representatives; and while they are not aggrieved, the state is, being deprived of a substantial right— to offer such property in evidence and, the order being in a "special proceeding" (Sec. 3168, Code 1919,) state could appeal therefrom, and this appeal should be so regarded. Motion to dismiss appeal denied.

Appeal from Circuit Court, Aurora County. Hon. FRANK B. SMITH, Judge.

Special proceeding in which the State of South Dakota is plaintiff and Joe Kieffer is designated "defendant;" Wood Smith, J. F. Donegan, and D. K. Barrett being designated on appeal as "Appellants." From an order requiring appellants to return property seized in the proceeding under search warrant, to defendant, and to the effect that it should not be used as evidence against him in a criminal prosecution for unlawfully selling intoxicating liquors, said "appellants" appeal. Upon motion to dismiss appeal. Motion denied.

*Byron S. Payne,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Appellants.

*Donald Fellows,* for Respondent-Defendant.

(5) Under point five of the opinion, Respondent submitted that: State's right to appeal is confined to cases enumerated in Sec. 5032, Code 1919, as amended by Laws 1919, Ch. 157; that this appeal does not fall within said section, and cited: State v. Stunkard, 28 S. D. 311; Const., Art. 5, Sec. 18.

WHITING, J. The notice of appeal herein is entitled as is this opinion. The parties named as appellants seek a review of an order made and entered by the circuit court of Aurora county. The record discloses the following facts: In October, 1921, a written application for a search warrant was executed by one Wood Smith and presented to a justice of the peace of Aurora county. Such application was entitled, "State of South Dakota, Plaintiff, v. Joe Kieffer, Defendant." A warrant was issued. Under such warrant, appellants Donegan, as sheriff, and Smith, as deputy state sheriff, seized certain personal property, evidently

a still for making intoxicating liquors, some intoxicating liquor, and containers for such liquor. In December, 1921, an application was presented to the circuit court of Aurora county in a proceeding entitled "State of South Dakota, Plaintiff, v. Joe Kieffer, Defendant." This application was made by the said Kieffer; and, alleging that the personal property that had been seized under the search warrant was in the possession of Donegan, Smith, and Barrett, he sought from the circuit court an order requiring these three appellants to show cause why they should not be required to return such personal property to him, and to show cause why such court should not hold that such property should not be used as evidence against applicant. Upon the return of such order to show cause, the circuit court made and entered an order granting the relief prayed for by Kieffer. From such order appeal was taken; and the cause is now before us upon a motion to dismiss such appeal.

[1] It is clear that the search warrant was issued under section 10329, R. C. 1919, and that, in making the order appealed from, the court relied upon the following provision, contained in such section:

"Such liquor, furniture and implements * * * shall be held subject to the order of the court or magistrate to be used as evidence in the prosecution of any case for the violation of any law or any ordinance prohibiting the sale of intoxicating liquor throughout the district, township, town, city or county where seized."

The motion to dismiss the appeal is based upon the grounds: That the proceeding in which the order appealed from was issued in a criminal proceeding, and that such order is not an appealable order under the statutes governing appeals in criminal actions; that appellants are neither parties to the criminal action nor parties aggrieved by said order; and that there is no provison of law authorizing an appeal in a criminal proceeding by any party except the defendant therein and the state. Appellants contend that the order from which they seek to appeal was not an order in a criminal action, but an order made in a special proceeding, and as such appealable. The crucial question, therefore, is, Is a proceeding for a search warrant a criminal action or a special proceeding? If such order was issued in a special proceeding, the

part directing the return of the property is a final order, and appealable under section 3168, R. C. 1919.

Section 2091, R. C. 1919, defines "action" as follows:

"An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

Section 2092 declares that—

"Every other remedy is a special proceeding."

[2] Under the general statutes of this state relating to search warrants (sections 4604-4624), we find that they can be issued for any one of three general purposes: (section 4605) To search for stolen or embezzled property; to search for property that has been used as a means of committing a felony; and to search for property in possession of some person who holds it with intent to use it as the means of committing a public offense. While the warrant must issue in the name of the state, the application therefor need not be entitled in the name of the state; and to entitle it like a criminal action does not make it such an action. The proceeding is not one against any person; but is solely one for the discovery and to get possession of personal property. If property is discovered and taken possession of, such fact may or may not lead to an action or actions civil or criminal. The most that can be said is that a search warrant, under the general law, is usually issued on behalf of the state and for the purpose of obtaining evidence to support a criminal action already instituted or to furnish information determining the propriety of bringing a criminal action. That such proceeding is not one in a criminal action is too apparent for controversy. Such a warrant might be issued by a magistrate in one county, where the crime, if any, had been committed in another. It might be issued by a magistrate to procure evidence to be used in an action then pending in or to be instituted in some other court. It might even be procured by a person for the purpose of using, and with the right to use, the property and the fact of its discovery, in an action either civil or criminal in another state or even in the federal courts. Under a search warrant, property may be found in possession of one person, and yet may be used in evidence against some other party or parties. It is, in fact, a special and peculiar

remedy, drastic in its nature, and made necessary because of public necessity. It resembles in some respects what are commonly termed "John Doe" proceedings, or investigations in aid of prosecutions, such as are provided for by section 4504, R. C. 1919, except that the information procured under section 4504 is reduced to the form of sworn testimony, while, under the search warrant, property and information as to facts relating to the place where the property is found and circumstances surrounding its finding are procured.

[3] The search warrant, in the proceeding before us, was issued under and by virtue of a special law providing for the issuance of search warrants in aid of the enforcement of the laws against the sale and manufacture of intoxicating liquors. This law contemplates that, in case the search brings forth evidence of the violation of law, a criminal complaint shall be filed against the person or persons supposed to be guilty. However, such law expressly provides that it in no manner prevents the beginning of a criminal action before a search warrant is issued. Such law does not require that, in case a criminal action has been started, the search warrant must be issued by the court in which such action is pending; neither does it provide that, if a criminal action follows the return on the search warrant, such criminal action must be started before the magistrate who issued the warrant. Proceedings for search warrants under this special law, as under the general law, are "special proceedings," and in no sense "criminal actions," though, like "John Doe" proceedings, intended solely in aid of enforcement of laws against crimes.

[4] The record before us does not disclose facts explaining why the circuit court was applied to. We must assume that respondent was arrested charged with some offense, and that this personal property, and the fact that it had been found in his possession, might be used in evidence against him; and that, if such charge had been preferred before the magistrate who issued the search warrant, respondent had been bound over to the circuit court, thus giving to such court jurisdiction in the criminal action. We do not feel called upon, at this time, to express any views as to whether the words quoted above from section 10329, R. C. 1919, give to the circuit court any authority, before trial of the criminal action, to make any decision relating to validity of the

search warrant, or pertaining to the sufficiency of the facts to support its original issue. Suffice to say that, if what was done by the circuit court has any support in law it is an order issued in the search warrant proceedings, which proceedings were not a criminal action, and were therefore "special proceedings."

[5] However respondent contends that appellants were not so interested as to be aggrieved by such order. Appellants had possession of this property, and were answerable therefor. They were holding the property for and by authority of the state. If respondent had been seeking the possession from them under any other theory than that their holding was under the search warrant, he could not have asked summary relief under the search warrant statutes, but would have had to resort to a possessory action. We must therefore assume that the court in requiring them to show cause why they should not surrender this property to Kieffer, and in afterwards ordering them to surrender such property to Kieffer, was proceeding against them as representatives of the state. While appellants are not personally aggrieved by the order of the trial court, the state is aggrieved by such order, being deprived of a substantial right—the right to offer such property as evidence. The order appealed from was a final order affecting a substantial right of the state; and it was made in a special proceeding. The state had a right to appeal therefrom. Section 3168, R. C. 1919. As the only theory whatever upon which the order appealed from could have been addressed to appellants was that they were holding possession as representatives of the state, this appeal from such order should be treated as an appeal by and on behalf of the state. This case is, in the matter of procedure, on "all fours" with the case of Burdeau v. McDowell, 255 U. S. ——, 41 Sup. Ct. 574, 65 L. ed. 683, 13 A. L. R. 1159. The property after seizure was in the hands of a representative of the government. The person from whom the property had been taken applied for its return. The district court ordered the holder of said property to turn same over to the court for delivery to claimant. The holder of the property appealed in his own name. Furthermore, the United States District Court specifically recognized that an appeal would lie from its order.

The motion to dismiss is denied.