**STATE of South Dakota, Plaintiff and Appellant,**

**v.**

**Waubun NUWI NINI ( # 11671), Al Cooper ( # 11673), John Concannon ( # 11672), Lois Tiger ( # 11675 and # 11676), and Bobbi Jo Tiger ( # 11674), Defendants and Respondents.**

**Nos. 11671–11676.**

Supreme Court of South Dakota.

Argued June 9, 1977.

Decided Feb. 14, 1978.

Gary J. Pashby, Special Deputy State's Atty., Sioux Falls, LeAnn Finke, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, Thomas H. Muilenburg, Special Deputy State's Atty., Sioux Falls, on the brief.

John N. Gridley III, Gridley, Nasser & Arneson, Sioux Falls, for Waubun Nuwi Nini, Al Cooper, Lois Tiger, and Bobbi Jo Tiger; Samuel R. Gross, San Francisco, Cal., argued; Al Cooper, pro se, on the brief.

Roger Finzel, Washington, D. C., for John Concannon.

Jennie Rhine, Oakland, Cal., for Lois Tiger.

Jeffrey B. Kupers, San Francisco, Cal., for Bobbi Jo Tiger.

PORTER, Justice.

## CASE SUMMARY

This is an appeal by the State of South Dakota from orders of the trial court dismissing criminal informations against these defendants. While selection of a jury was in progress, the orders were entered on the ground that a fair and impartial jury from within Minnehaha County could not be obtained because of the notoriety of the incident out of which the charges against these defendants arose. This court is without jurisdiction to hear this appeal because South Dakota statutes do not authorize an appeal by the State in this instance. We therefore grant defendants' motion to dismiss the appeal.

1. SDCL 5–14–18 provides:

 Every person who willfully burns, destroys, or injures any public building or improvement in this state is punishable by imprisonment in the state penitentiary not exceeding five years.

2. SDCL 22–10–6, as it existed at the time of this charge, provided:

## FACTS

The defendants herein, Waubun Nuwi Nini, Al Cooper, John Concannon, Lois Tiger and Bobbi Jo Tiger, were charged by information with violating SDCL 5–14–18,[1] prohibiting injury to a public building; Lois Tiger was additionally charged with violating SDCL 22–10–6,[2] for encouraging or soliciting a riot. These charges arose from an incident at the Minnehaha County Courthouse in Sioux Falls, South Dakota, on April 30, 1974.

Jury selection in this case commenced on March 25, 1975, and continued for approximately six weeks. On April 25, 1975, with jury selection still in progress, defendants moved to dismiss the informations on the ground that a fair and impartial jury could not be obtained from within Minnehaha County.[3] The motion was granted and orders dismissing the informations were filed May 5, 1975. The State has appealed the dismissal, contending that the circuit court abused its discretion in dismissing the charges against the defendants at the voir dire stage.

## ISSUE

 The issue dispositive of this appeal is: Does this court have jurisdiction to hear this case under the South Dakota statutes granting the State a right of appeal in criminal actions in certain instances?

## DECISION

We conclude that this court does not have jurisdiction to hear the appeal.

The right of the State to appeal in a criminal action is governed by SDCL 23–51–2, which provides:

 Every person guilty of participating in any riot, who directed, advised, encouraged, or solicited other persons who participated in the riot to acts of force or violence, is punishable by imprisonment in the state penitentiary for not less than three years.

3. Defendants did not move for a change of venue. *See generally, In re Nelson,* 19 S.D. 214, 102 N.W. 885 (1902).

An appeal to the Supreme Court may be taken by the state from any of the following:

(1) From a judgment for the defendant on a demurrer to the indictment or information;

(2) From an order setting aside the indictment or information or arresting the judgment;

(3) From an order granting a new trial;

(4) From a judgment for the defendant when the court sustains objection to the introduction of any evidence when the basis of such objection is ` such as might be ground for demurrer under § 23–36–8.

"The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it." *State v. Wagner,* 86 S.D. 382, 385, 196 N.W.2d 360, 361 (1972). The State contends that its appeal in this case is authorized by SDCL 23–51–2(2), as an appeal from an order setting aside an information. The grounds for setting aside an information are set forth in SDCL 23–36–1, which provides:

The indictment or information must be set aside by the court in which the defendant is arraigned, and upon his motion, in any of the following cases:

(1) When it is not found, endorsed, and presented or filed, .as prescribed in this title;

(2) When the names of witnesses are not inserted at the foot of the indictment or information or endorsed thereon;

(3) When a person is permitted to be present during the session of the grand jury, while the charge embraced in the indictment is under consideration, except as provided in §§ 23–30–7 and 23–30–8;

(4) When the defendant has not been held to answer before the finding of the indictment, on any ground which would have been good grounds for challenge, either to the panel or to any individual grand juror;

(5) When the defendant has not had a preliminary examination before the information is filed, as provided by §§ 23–20–2 and 23–20–3.

The State urges that these ` statutory grounds are not exclusive, and that a trial court has discretion to set aside an information under circumstances other than those set forth in SDCL 23–36–1. However, in *State v. Reggio,* 84 S.D. 687, 176 N.W.2d 62 (1970), and *State v. Carlisle,* 30 S.D. 475, 139 N.W. 127 (1912), this court held that these five categories are the *only* grounds for the setting aside of an information.

In the present case the circuit court dismissed the information "on account of the inability of the defendant to obtain a fair trial." The order of dismissal was clearly not made upon any of the grounds set out in SDCL 23–36–1. Therefore, the order is not an order setting aside an information, *Reggio, supra,* and *Carlisle, supra,* and is thus not an appealable order under the statute relied on by the State, SDCL 23–51–2(2).[4]

◼ The State does not argue that SDCL 23–51–2(2) is ambiguous; instead, it proposes, in effect, that a new right of appeal, one not expressed in the statute, be created by judicial construction. This court was faced with the same contention in *State v. Stunkard,* 28 S.D. 311, 133 N.W. 253 (1911). In *Stunkard* the defendants' demurrer to the information was overruled. A witness on behalf of the State was called and sworn, and the defendants objected to the admission of any evidence on the same ground as that stated in their demurrer. The objec-

---

4. Although the State made no reference to it in its brief or at oral argument, we have not overlooked the North Dakota case of *State v. Allesi,* 211 N.W.2d 733 (N.D.1973). In *Allesi* the Supreme Court of North Dakota held an order of a lower court dismissing an information appealable under the North Dakota statute allowing an appeal from an order quashing an information. Although we recognize that the decision in *Allesi* is not in accord with the decision in the present case, we conclude that we are bound by our own precedent. We are not inclined to overrule our own applicable precedent simply on the strength of a decision by our sister state.

tion was sustained and the trial court advised the jury to return a verdict of not guilty, which the jury did. An order or judgment was then entered dismissing the action and discharging the defendants from custody. The State appealed. In dismissing the appeal this court stated:

> [T]he state's right of appeal in a criminal action is confined to the judgment and orders designated in section 483 [now SDCL 23–51–2(1)–(3)]. *State v. Finstad,* 16 S.D. 422, 93 N.W. 640. There is no ambiguity in the language of that section. . . . Though it may seem unreasonable that a ruling sustaining the objection when taken by demurrer or in arrest of judgment is reviewable on appeal by the state, and a ruling sustaining the objection when taken at the trial is not so reviewable, the Legislature in its wisdom certainly has so provided. *Id.* at 314, 133 N.W. at 254.

This court is obligated to apply the statute as it is written and must leave to the legislature the question of whether the right of the State to appeal in a criminal action should be further expanded. The legislature has directed its attention to the drafting of what is now SDCL 23–51–2 on at least six occasions (1887, 1903, 1919, 1939, 1960, and 1967). Had the legislature seen fit to allow an appeal by the State in a case such as this one, the statute would so indicate. Without SDCL 23–51–2 the State would have no right to appeal. It is contended that denying the State a right of review in cases such as this one gives trial courts an unfettered discretion, something the legislature never intended when the criminal action appeal provisions were

adopted. There are, however, several instances in criminal actions in which the legislature has granted the defendant, but not the State, a right of appeal.

■ If there is to be stability and an even-handed administration of justice, this court must follow its own precedent until convinced that its earlier decision was wrong, not in *result,* but in *principle.* We do not meet this case today as one of first impression, but instead as one already decided, in principle, by this court in *Stunkard, supra.* Whether we agree or disagree with the result in *Stunkard* or the result here is not the issue; but rather the issue is whether we can now say that the legal principle upon which this court decided *Stunkard* was wrongly understood or applied. *Stunkard* holds that this court will leave to the legislature whether the statutory right of the State to appeal shall be further expanded.[5] That has been the case law of this state since 1911. We find no reason, in principle, to depart from that holding now. The contention of the State that this case should be appealable cannot stand in the face of the unambiguous statutes involved.[6]

■ The State contends, alternatively, that pursuant to SDCL 23–1–3[7] an appeal of this nature may be taken under SDCL 15–26–1(2), which provides:

> Appeals to the Supreme Court from the circuit court may be taken as provided in this title from:
>
> . . . . .
>
> (2) An order affecting a substantial right, made in any action, when such order in effect determines the action

---

5. Prior to *Stunkard,* the statute granting the State a right to appeal conformed to our present SDCL 23–51–2(1)–(3). After *Stunkard* the legislature enacted what is now SDCL 23–51–2(4).

6. *See also, People v. Valenti,* 49 Cal.2d 199, 316 P.2d 633 (1957), which dealt with statutes similar to those involved in the present case. In *Valenti,* the Supreme Court of California adopted a position similar to our position and denied the State's appeal from an order dismissing an information, when the statute provided for an

appeal from an order setting aside an information.

7. SDCL 23–1–3 provides:

All of the provisions of titles 15, 16, 19, 21 and 30, so far as consistent herewith, shall be applicable throughout this title *except as to matters for which a different provision is made in this title* or where from the context of this entire title or of any particular section of it a different intention plainly appears or where reasonable application of this title to the matter involved otherwise plainly requires.

and prevents a judgment from which an appeal might be taken;

. . . . .

The State relies on *State v. Kieffer*, 45 S.D. 288, 187 N.W. 164 (1922), as authority for this contention. *Kieffer* is distinguishable because it involved a proceeding for a search warrant, which the court held was not a criminal action but instead was a special proceeding appealable under what is now SDCL 15–26–1(4), a part of Title 15, Civil Procedure.[8] In contrast to *Kieffer*, what we have here is not a special proceeding, but a criminal action appealable under SDCL 23–51–2 only. SDCL 23–51–2 is the specific provision applicable to appeals by the State in criminal actions, and thus because of the limitation found in SDCL 23–1–3, SDCL 15–26–1(2), the civil appeal statute, has no application.

■ The State makes no contention that its appeal is authorized under SDCL 23–51–5, providing for appeals from intermediate orders. The orders here finally disposed of each criminal action, and were not "intermediate order[s]" within the scope of the statute. We agree that SDCL 23–51–5 does not apply to these appeals.

## CONCLUSION

■ Our jurisdiction to entertain appeals is limited by statute. *See State v. Devine*, S.D., 257 N.W.2d 606 (1977). When there is no statutory authorization, there is no right to an appeal; the right must be given by statute. We conclude that the applicable South Dakota statutes do not provide the State with a right of appeal in this case, and we are, therefore, without jurisdiction to hear this appeal. Our holding here in no way constitutes a holding on the merits. We do not reach a consideration of the merits in this case because without jurisdiction we are powerless to do so.

The appeals are dismissed.

8. SDCL 15–26–1(4) provides:
 Appeals to the Supreme Court from the circuit court may be taken as provided in this title from:

 . . . . .

DUNN, C. J., MORGAN, J., and WINANS, Retired J., concur.

WOLLMAN, J., dissents.

WINANS, Retired J., sitting for ZASTROW, J., disqualified.

WOLLMAN, Justice (dissenting).

I would follow the decision of the North Dakota Supreme Court in *State v. Allesi*, N.D., 211 N.W.2d 733, and hold that the trial court's dismissal of the informations had the same effect as an order entered pursuant to SDCL 23–51–2(2) would have had. Certainly, the order of dismissal was not a decision on the merits of the case. Cf. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642. To say that the reason given for dismissing the informations did not fall within any of the grounds specified in SDCL 23–36–1 does not mean that the effect of the order of dismissal was not to set aside the information. Although under *State v. Reggio*, 84 S.D. 687, 176 N.W.2d 62, and *State v. Carlisle*, 30 S.D. 475, 139 N.W. 127, the defendants would not have been entitled to an order setting aside the informations on the grounds stated in the trial court's order, nevertheless the order was entered. The exclusivity of the grounds set forth in SDCL 23–36–1 may operate as a bar to a defendant's claim that he has the right to have an information set aside on grounds not contained within that statute, but once a trial court has entered an order having the effect of setting aside an information, the effect of that order is not dispelled merely because it was not based upon grounds that would have given the defendant the right to call upon the court to invoke its statutory jurisdiction to enter such an order.

The principle expressed in *State v. Stunkard*, 28 S.D. 311, 133 N.W. 253, that it is for the legislature to expand the right of

(4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment; . . .

appeal should not be read as precluding this Court from reading the words of SDCL 23–51–2(2) in a manner that will recognize the realities of the situation before us. Granted that we cannot set our own jurisdictional requirements, *State v. Devine*, S.D., 257 N.W.2d 606, I see no reason why we are any more limited in construing 23–51–2(2) than we are in construing penal statutes, which are to be "construed according to the fair import of their terms, with a view to effect their objects and promote justice." SDCL 22–1–1. To me, the fair import of SDCL 23–51–2(2) is that the state should be entitled to appeal from an order that has the effect of setting aside an information, so long as that order was not in any way based upon a resolution of some or all of the factual elements of the offense charged. *United States v. Martin Linen Supply Co.*, supra. Accordingly, I would hold that we should consider the merits of the state's appeal.