#29130-a-PJD
**2021 S.D. 19**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MIKE SENTELL and
MARY ODLAND,                                        Plaintiffs and Appellants,

          v.

FARM MUTUAL INSURANCE
COMPANY OF LINCOLN COUNTY,
SOUTH DAKOTA,                                       Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
SPINK COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE TONY L. PORTRA
Judge

\* \* \* \*

SEAMUS W. CULHANE
NANCY J. TURBAK BERRY of
Turbak Law Office, P.C.
Watertown, South Dakota                            Attorneys for plaintiffs
                                                   and appellants.


GARY P. THIMSEN
JORDAN J. FEIST of
Woods, Fuller, Shultz
    & Smith, P.C.
Sioux Falls, South Dakota                          Attorneys for defendant
                                                   and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
MAY 27, 2020
OPINION FILED **03/10/21**

#29130

DEVANEY, Justice

[¶1.] Insureds brought suit against their insurer for breach of contract and tortious breach of good faith and fair dealing arising out of the insurer's failure to pay over $200,000 in property damage sustained after a hail and wind storm. The insureds sought compensatory and punitive damages. They also asserted a separate claim for statutory attorney fees, contending that the insurer's refusal to pay benefits was vexatious and unreasonable and that the insurer violated the Unfair Trade Practices Act. The jury returned a verdict in favor of the insureds on their claims of breach of contract and bad faith and awarded compensatory damages, but the jury denied punitive damages. After the trial, the insureds filed a motion for attorney fees. The insurer objected, claiming that the circuit court could not award attorney fees without a jury determination that the insurer had engaged in an unfair trade practice. The court agreed and denied the insureds' request. The insureds appeal, and we affirm.

**Factual and Procedural Background**

[¶2.] In June 2013, a hail and wind storm struck Spink County, causing severe damage to Mike Sentell and Mary Odland's farm and homes. The storm produced baseball-sized hail that totaled automobiles, broke windows, damaged shingles and gutters, and perforated siding. The wind from the storm was so strong that a motorhome on the property flipped onto its side. After the storm, free-standing water remained inside the dwellings on the property, glass littered the floors, and furniture, clothing, and other personal property was damaged.

-1-

[¶3.]        Sentell and Odland's farm and homes were insured under a policy issued by Farm Mutual Insurance Company of Lincoln County. After the storm, they filed a claim with Farm Mutual, and Farm Mutual arranged for Jason Good, an adjuster from Dakota Claims Service, Inc., to examine the property damage. Good visited the property, talked to Sentell and Odland, and thereafter, estimated their loss at $69,138.14. He then reduced the estimated loss to $56,346.99 for depreciation because he believed their insurance policy only allowed payment for actual cash value. His calculation also excluded damage to a mobile home and Sentell's mother's home based on an exclusion in the policy precluding coverage for damage caused by a leaky roof.

[¶4.]        While repairing the damage, Sentell and Odland realized that the amount paid by Farm Mutual would not cover the cost of repairs. Sentell also disputed that the roof exclusion applied because the damage to his mother's home was caused by broken windows and doors, not a leaky roof. Sentell requested that the adjuster reconsider his loss calculation, but the adjuster refused to investigate further.

[¶5.]        Sentell and Odland hired an independent adjuster, Clint Schlinke, to review Good's loss assessment. Schlinke did not personally examine the property damage. Rather, he reviewed Good's report, information obtained by the contractor hired to repair the property, and a report issued by a home inspector hired by Sentell and Odland. Schlinke calculated Sentell and Odland's loss at $318,632.99 under the applicable insurance policy coverage provisions and its exclusions.

Sentell and Odland added $14,988 to that estimate for the value of their damaged unscheduled property.

[¶6.] In February 2015, Sentell and Odland sent the following to Farm Mutual: Schlinke's calculation of loss, the home inspector's report, the contractor's video documentation of damage, and a letter from a mobile home consultant. Based upon these submissions, they requested that Farm Mutual remit payment for $277,274.00, the amount they believed remained due on their claim. In response, Farm Mutual sent a different adjuster from Dakota Claims, Mark Larson, to examine the property. However, Larson did not alter the previous calculation of loss, and Farm Mutual did not issue any additional payments to Sentell and Odland.

[¶7.] In July 2015, Sentell and Odland brought suit against Farm Mutual. Their complaint identified multiple causes of action, including breach of contract and tortious breach of duty of good faith and fair dealing. Under their claim for breach of good faith and fair dealing, they alleged that Farm Mutual acted with malice, oppression, or fraud and that its conduct was willful and wanton and in reckless disregard of their rights as policy holders, entitling them to punitive damages.

[¶8.] The complaint also set out as a separate count a claim for "Statutory Entitlement to Attorney's Fees" alleging that Sentell and Odland were entitled to

recover attorney fees under SDCL 58-33-46.1 and SDCL 58-12-3.[1]  The complaint also demanded a "trial by jury on all the issues in this action."

[¶9.]     After a trial in June 2019, the jury returned its verdict on a special verdict form, answering "yes" to the question whether Farm Mutual breached the insurance contract.  The jury determined that the breach occurred on April 16, 2015, and that Sentell and Odland were entitled to $250,000 in additional benefits.  The jury also answered "yes" to the question whether Farm Mutual breached its duty of good faith and fair dealing and found that breach to be the legal cause of damage to Sentell and Odland.  The jury awarded them $150,000 on the bad faith claim but did not award punitive damages.

[¶10.]     Following the trial, Sentell and Odland filed a motion for attorney fees and non-taxable expenses.  They alleged entitlement to $498,582.58 in attorney fees under SDCL 58-33-46.1 for Farm Mutual's "unfair trade practices conduct."  Farm Mutual objected, asserting that Sentell and Odland could not use SDCL 58-33-46.1 "as a back door to collect" attorney fees because the Legislature specifically exempted farm mutual insurers from liability for attorney fees otherwise authorized under SDCL 58-12-3 for a vexatious or unreasonable refusal to pay the full amount of loss.  *See* SDCL 58-35-57(9).  Farm Mutual further argued that even if SDCL 58-33-46.1 applied, Sentell and Odland could not recover because they did not submit their unfair trade practice claim to the jury after demanding a jury trial on all issues raised in their complaint.

---

1.     Although Sentell and Odland requested attorney fees under SDCL 58-12-3, they ultimately did not pursue this claim because SDCL 58-35-57(9) provides that SDCL 58-12-3 does not apply to farm mutual insurers.

[¶11.] After a hearing, the circuit court issued an oral ruling denying Sentell and Odland's motion for attorney fees. The court rejected Farm Mutual's first argument that the exemption of farm mutual insurers from liability for attorney fees under SDCL 58-12-3 precluded an award of attorney fees under SDCL 58-33-46.1, noting that the Legislature has specifically subjected farm mutual insurance companies to the Unfair Trade Practices Act (the Act). However, the court concluded that it could not award attorney fees under SDCL 58-33-46.1 because Sentell and Odland did not ask the jury to determine whether Farm Mutual violated the Act.

[¶12.] Sentell and Odland appeal, asserting that the circuit court erred in concluding that it could not award them attorney fees under SDCL 58-33-46.1.

## Analysis and Decision

[¶13.] Sentell and Odland contend that it is immaterial that they did not submit their claim that Farm Mutual's acts constituted a violation of the Unfair Trade Practices Act to the jury. They note that nothing in the statute requires that a *jury* find a violation.[2] Thus, they assert that the circuit court could have made the necessary factual determination after the trial based on the undisputed evidence admitted.

---

2. The plain language of SDCL 58-33-46.1 supports that either a jury or a judge may make the requisite factual determinations giving rise to attorney fees under this statute. *See Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (providing that "[w]hen the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed" (citation omitted)).

[¶14.] Farm Mutual, however, contends that even though a judge can act as the fact finder in determining whether an unlawful trade practice has occurred, *in this case*, a jury was required to determine the requisite facts. Farm Mutual directs this Court to the separate count in Sentell and Odland's complaint, which alleges:

> Farm Mutual . . . misrepresented the duties and obligations it owed Mike and Mary by knowingly omitting obvious benefits from payment made to them, something they were duty bound to disclose to Mike and Mary; and by ignoring policy provisions and the law in South Dakota even after insurer, knew, or reasonably should have known, that such benefits were owed to Mike and Mary, making attorneys' fees appropriate under SDCL § 58-33-5 and § 58-33-46.1.

In Farm Mutual's view, because Sentell and Odland elected to have a jury decide all fact issues, and because Farm Mutual specifically denied "any conduct on the part of Defendant which would entitle Plaintiffs to recovery of attorney fees[,]" the circuit court could not, absent a jury finding that a violation of the Act occurred, award attorney fees under SDCL 58-33-46.1.

[¶15.] In response, Sentell and Odland claim that they did not demand a jury trial on the question whether they are entitled to attorney fees under SDCL 58-33-46.1. They note that their prayer for relief "makes it clear which issues [they] believed they were entitled to present at trial—compensatory and punitive damages—and says nothing about the claim for attorneys' fees being presented at trial." They further contend that because their prayer for relief asks *the court* to enter judgment for attorney fees "as allowed by law," their attorney fee claim was

not encompassed in their demand for a jury trial "on all the issues in this action."[3] Sentell and Odland's argument misses the central premise that before a court can award attorney fees on any claim, the party seeking fees must first prevail on the underlying factual issues.

[¶16.] Here, Sentell and Odland demanded a trial by jury, a right afforded under SDCL 15-6-38(b). Under SDCL 15-6-38(d), a demand for a trial by jury "may not be withdrawn without the consent of the parties." Thus, "[t]he trial of all issues so demanded shall be by jury, unless" the parties file a written stipulation or make an oral stipulation on the record consenting to a trial by the court, or unless a party proceeds to trial by the court without an objection. SDCL 15-6-39(a).

[¶17.] Because the question whether Farm Mutual engaged in acts or practices declared unlawful under chapter 58-33 is a triable issue of fact and Sentell and Odland demanded a trial by jury, the issue was required to be presented to a jury unless the parties entered into a stipulation or otherwise agreed under SDCL

---

3. In their prayer for relief, Sentell and Odland requested that the circuit court enter a judgment against Farm Mutual for the following:

1. Compensatory damages in an amount to be determined at trial;
2. Prejudgment interest as allowed by law;
3. Punitive or exemplary damages in an amount to be determined at trial to the full extent allowed by law;
4. Other relief as deemed appropriate and necessary, including nominal damages; and
5. Attorneys' fees allowed by law pursuant to SDCL § 58-12-3 and SDCL § 58-33-46.1.

15-6-38(d) and SDCL 15-6-39(a) to have *the court* decide the issue.[4] No such stipulation or other agreement existed here. Therefore, Sentell and Odland could not ask the court to make a post-trial determination whether Farm Mutual engaged in unfair trade practices.[5]

[¶18.] Alternatively, Sentell and Odland assert that the requisite factual determination has already been made because the jury's determination that Farm Mutual engaged in bad faith and the attendant damage award necessarily encompassed a finding that Farm Mutual violated the Unfair Trade Practices Act. However, unlike the claims-handling conduct they alleged at trial and ultimately submitted to the jury, the separate count in their complaint seeking attorney fees under SDCL 58-33-46.1 alleged that Farm Mutual violated SDCL 58-33-5, a statute that describes a different type of conduct. It provides:

---

4.    Sentell and Odland mischaracterize the record when they assert in their brief that the circuit court granted a motion by Farm Mutual to preclude witnesses from testifying about the Unfair Trade Practices Act. In fact, both parties filed motions to preclude witnesses from testifying as to what any law requires. Neither motion related specifically to the Act, and Sentell and Odland agreed to the court entering an order precluding such testimony from the parties' witnesses. Nothing in the court's order precluded either party from asking witnesses about conduct that would give rise to an attorney fee award under the Act.

5.    Sentell and Odland suggest that because attorney fee awards under SDCL 58-12-3 require that a court—*not a jury*—decide whether the insurer's conduct warrants such an award, the same procedure should be followed under SDCL 58-33-46.1. *See* SDCL 58-12-3.1 (directing that the court make the necessary additional factual findings in a separate hearing after a judgment is entered). Although both SDCL 58-12-3 and SDCL 58-33-46.1 contemplate that the *amount* of an attorney fee award is ultimately determined by the court, nothing in the language of SDCL 58-33-46.1 suggests the Legislature intended that an award of attorney fees be determined via the same *process* as provided in SDCL 58-12-3.1.

No person shall make, issue, circulate, or cause to be made, issued, or circulated, any estimate, circular, or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or make any false or misleading statement as to the dividends or share of surplus previously paid on similar policies, or make any misleading representation or any misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates, or use any name or title of any policy or class of policies misrepresenting the true nature thereof.

SDCL 58-33-5.

[¶19.]     Notably, the factual allegations accompanying the attorney fee claim in Sentell and Odland's complaint do not align with this statutory language. In this count, they asserted that Farm Mutual misrepresented "the duties and obligations it owed . . . by knowingly *omitting obvious benefits from payment made to them . . . .*" (Emphasis added.) But SDCL 58-33-5 precludes misrepresentations about policy terms or benefits. It does not address an insurer's *obligation or duty to pay*. Regardless, even if Sentell and Odland's factual allegations could be construed to align with this statute's prohibitions, the instructions given to the jury did not encompass the acts prohibited by SDCL 58-33-5.[6] Therefore, the jury's bad faith verdict cannot be interpreted as a finding that Farm Mutual violated SDCL 58-33-5.

[¶20.]     However, Sentell and Odland further claim on appeal that the jury's bad faith verdict encompassed a finding that Farm Mutual violated SDCL 58-33-67.

---

6.     Rather than incorporating any of the language in SDCL 58-33-5, the jury instructions on bad faith pertained to a knowing or reckless denial of benefits without a reasonable basis, the failure to conduct an adequate investigation, and the engagement in wrongdoing during the processing or paying of benefits.

Sentell and Odland did not refer to this statute in their complaint; however, they later asserted that Farm Mutual violated SDCL 58-33-67 by the manner in which it investigated and processed their claims.[7] It is on this basis that they now claim they should be entitled to attorney fees under SDCL 58-33-46.1. To support this contention, Sentell and Odland cite *Western National Mutual Insurance Co. v. TSP, Inc.*, 2017 S.D. 72, 904 N.W.2d 52, wherein this Court allowed an award of attorney fees under SDCL 58-33-46.1 based on an insurer's violation of SDCL 58-33-67.[8]

[¶21.] Notwithstanding our decision in *Western National,* even if Farm Mutual violated SDCL 58-33-67, we conclude that a violation of this statute does not provide a basis to recover attorney fees under SDCL 58-33-46.1. Instead, SDCL 58-33-67 describes certain, but not exclusive, unfair or deceptive acts or practices

---

7. The claim that Farm Mutual violated the Act surfaced in pretrial briefs on their punitive damages claim and was included in their initial proposed jury instructions and in their post-trial attorney fee motion. Specifically, they asserted violations of SDCL 58-33-67(1), (3), and (4) relating to an insurer's failure to *timely* investigate claims, failure to provide a reasonable explanation for denying claims, and failure to *promptly* settle claims under certain circumstances. However, these types of acts were not encompassed in the jury instructions ultimately given at trial.

8. In *Western National*, the insured assigned its claim against the insurance company to TSP, Inc. 2017 S.D. 72, ¶ 7, 904 N.W.2d at 56. TSP prevailed on its claim against Western National regarding coverage and requested attorney fees under SDCL 58-12-3 and SDCL 58-33-46.1. *Id.* ¶ 8. The circuit court awarded attorney fees, determining that Western National's handling of the insured's claim violated SDCL 58-33-67 and was without a reasonable basis. On appeal, Western National argued that the circuit court erred in determining the coverage issue and in awarding attorney fees. *Id.* ¶ 9. We agreed that the circuit court erred on the issue of coverage, and further concluded that because TSP did not prevail, "SDCL 58-12-3 cannot be the basis of an award of attorneys' fees to TSP." *Id.* ¶ 22, 904 N.W.2d at 60. However, because Western National admitted to violating SDCL 58-33-67, we determined TSP was entitled to bring a claim for attorney fees under SDCL 58-33-46.1. *Id.* ¶ 24, 904 N.W.2d at 61.

that are subject to enforcement by the South Dakota Division of Insurance, *see* SDCL 58-33-68. More importantly, the Legislature specifically provided in SDCL 58-33-69 that "[n]othing in §§ 58-33-66 to 58-33-69, inclusive, *grants a private right of action*." (Emphasis added.) Therefore, contrary to Sentell and Odland's assertion, the circuit court could not—based on a claim that Farm Mutual violated SDCL 58-33-67—award them attorney fees under SDCL 58-33-46.1.

[¶22.]     A review of SDCL chapter 58-33 as a whole reveals an obvious distinction between various insurance concepts addressed in this chapter and the remedies applicable to the specific conduct identified. Chapter 58-33 is titled "Unfair Trade Practices" and SDCL 58-33-1 identifies that "[t]he purpose of this chapter is to regulate trade practices in the business of insurance . . . by defining, or providing for determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined." The chapter contains approximately 135 provisions, covering a broad range of insurance-related conduct.

[¶23.]     The provisions in SDCL 58-33-1 through SDCL 58-33-46 were enacted in 1966, with a few additional statutes interspersed therein enacted at a later time. These provisions contain multiple statutes identifying conduct punishable as a criminal offense, primarily involving unfair methods of competition, false advertising of policies, and discriminatory practices in the business of insurance. Unlike SDCL 58-33-69, nothing in SDCL 58-33-1 through -46 prohibits a private right of action. Rather, the provisions in SDCL 58-33-1 through -46 conclude with SDCL 58-33-46.1, which specifically authorizes persons damaged by such acts or

practices to bring a civil action for the recovery of damages, including attorney fees.[9]

[¶24.] The Legislature has subsequently enacted additional provisions in chapter 58-33 covering other sorts of conduct.[10] For example, the provisions in SDCL 58-33-59 to -65, enacted in 1985, address insurers' actions with respect to cancellation of insurance policies. Violations of these provisions are addressed by the Division of Insurance through the administrative process in SDCL chapter 1-26. *See* SDCL 58-33-62. Notably, the Legislature enacted SDCL 58-33-65.1 the following year, declaring that "[n]othing contained in §§ 58-33-59 to 58-33-65, inclusive, may grant, or be construed to grant, any private remedy or right of action."

[¶25.] Similarly, and particularly relevant here because of Sentell and Odland's reliance on SDCL 58-33-67, in 1986 the Legislature also enacted SDCL 58-33-66 through -69. This series of statutes governs insurers' unfair or deceptive acts or practices in handling claims. Just as actions relating to the cancellation of

---

9.  SDCL 58-33-46.1 provides:

    > Any person who claims to have been damaged by any act or practice declared to be unlawful by this chapter shall be permitted to bring a civil action for the recovery of all actual and consequential damages suffered as a result of such act or practice including reasonable attorneys' fees to be set by the court.

10. Although the provisions in SDCL 58-33-1 to -46.1 were designated by the Legislature in SDCL 58-33-48 as the "Unfair Trade Practices Act," some of the later enacted provisions in chapter 58-33 were given a different title; e.g., SDCL 58-33-47 to -57 is deemed the "Unauthorized Insurers False Advertising Process Act," *see* SDCL 58-33-58.

insurance policies are addressed through the administrative process under chapter 1-26, the Legislature tasked the Division of Insurance with "interpreting and enforcing" SDCL 58-33-66 and SDCL 58-33-67, and with "determin[ing] the severity and appropriateness of action to be taken in regard to any violation of §§ 58-33-66 to 58-33-69, inclusive[.]" *See* SDCL 58-33-68.

[¶26.] Importantly, SDCL 58-33-68 provides that "no administrative action may be taken by the director for a violation of this section unless the insurer has been notified of the violation and refuses to take corrective action to remedy the situation." Finally, similar to the provisions governing actions relating to the cancellation of insurance, the Legislature specifically prohibited a statutory cause of action for such conduct, stating that "[n]othing in §§ 58-33-66 to 58-33-69, inclusive, grants a private right of action."[11] *See* SDCL 58-33-69. In contrast, as it relates to the conduct covered by SDCL 58-33-46.1, the Legislature granted a private right of action regardless of corresponding actions that may be taken by the Division of Insurance. *See* SDCL 58-33-38 to -44.

[¶27.] Here, neither the circuit court nor the parties addressed the impact of SDCL 58-33-69 on Sentell and Odland's claim that attorney fees could be awarded

---

11. Other later enacted provisions address various types of conduct, including the reporting of suspected insurance fraud, *see* SDCL 58-33-75 to -82; certain conduct prohibited by life and health insurers, *see* SDCL 58-33-83 to -88; unauthorized transaction of insurance business by nonadmitted insurers, *see* SDCL 58-33-93 to -116; certain insurance practices relating to sales of insurance to military personnel, *see* SDCL 58-33-117 to -130 (with an accompanying declaration in SDCL 58-33-118 that the provisions therein do not create a private cause of action); employer insurance assistance programs, *see* SDCL 58-33-131 to -134; and finally, unfair or deceptive practices by a pharmacy benefits manager, *see* SDCL 58-33-135.

under SDCL 58-33-46.1 when an insurer is alleged to have engaged in unfair or deceptive claims-handling practices as described in SDCL 58-33-67. However, this was likely because this Court recently held that a plaintiff can recover attorney fees under SDCL 58-33-46.1 based on a violation of SDCL 58-33-67. *See Western Nat'l*, 2017 S.D. 72, ¶ 24, 904 N.W.2d at 61. Yet it does not appear from the very brief analysis in *Western National* that the Court examined SDCL chapter 58-33 as a whole to reconcile what might otherwise appear to be an inconsistency between SDCL 58-33-46.1 and SDCL 58-33-69. The Court simply quoted the two statutes and declared that while a violation of SDCL 58-33-67 "does not by its own terms grant a private right of action according to SDCL 58-33-69, a violation thereof provides a cause of action under SDCL 58-33-46.1." *Western Nat'l*, 2017 S.D. 72, ¶ 23, 904 N.W.2d at 60.

[¶28.] Ordinarily, under principles of stare decisis, we would follow our own precedent. *See State v. Nuwi Nini*, 262 N.W.2d 758, 761 (S.D. 1978) (providing that "[i]f there is to be stability and an even-handed administration of justice, this [C]ourt must follow its own precedent"). However, "[e]very court should be free to acknowledge its errors, and should hasten to correct the same, except when under a ruling of the court some rule of property has become long established and fixed, an overturning of which would work great wrong to those who have relied on the law as declared." *Brekke v. Crew*, 43 S.D. 106, 178 N.W. 146, 154 (1920) (citation omitted); *see also Anderson v. Lale*, 88 S.D. 111, 122, 216 N.W.2d 152, 158 (1974) ("Consistency purchased by adherence to decisions at the sacrifice of sound principle is dearly bought." (citation omitted)).

[¶29.] Given its recency and the fact that we have not relied upon this ruling in any subsequent case, overruling *Western National* to the extent it wrongly extended the reach of SDCL 58-33-46.1 does not affect a long-established or fixed rule and will not work great wrong to those who may have relied on it as declared. More importantly, to adhere to the view espoused in *Western National* would render SDCL 58-33-69 ineffective or "meaningless when the Legislature obviously passed it for a reason." *See Peterson v. Burns*, 2001 S.D. 126, ¶ 30, 635 N.W.2d 556, 567–68 (declining to interpret a statute that would result in a different statute being rendered meaningless). Therefore, we overrule *Western National* to the extent it determined that a party may bring a private right of action based on a violation of SDCL 58-33-67.

## Conclusion

[¶30.] Sentell and Odland were ultimately successful here in obtaining a damage award against Farm Mutual for its breach of contract and bad faith. If they had not been dealing with an insurer specifically excluded by statute from the provisions in SDCL 58-12-3, they may have also been able to recover attorney fees under the procedure outlined in SDCL 58-12-3.1. But the absence of a remedy under SDCL 58-12-3 does not afford Sentell and Odland an attorney fee remedy under SDCL 58-33-46.1. Moreover, even if the conduct they alleged could be construed to fall within the parameters of SDCL 58-33-46.1, Sentell and Odland failed to submit that factual issue to the jury. Thus, the circuit court properly declined to award their requested attorney fees.

[¶31.] Affirmed.

#29130

[¶32.] JENSEN, Chief Justice, and KERN and SALTER, Justices, and GILBERTSON, Retired Chief Justice, concur.

[¶33.] MYREN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.